IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ARNULFO GARCIA-RAMOS,** *et al.*, | : |
| | : |
|     **Plaintiffs,** | : |
| | : |
| v. | :     **CASE NO: 7:24-CV-54-WLS** |
| | : |
| **KENT HAMILTON,** *et al.*, | : |
| | : |
|     **Defendants.** | : |
| _____ | : |

**AMENDED DISCOVERY AND SCHEDULING ORDER**
**(PRECERTIFICATION DISCOVERY PERIOD)**

    A discovery conference was held in the above-styled action on Tuesday, September 10, 2024. The Court entered a Discovery and Scheduling Order on September 11, 2024 (Doc. 23). This case was then stayed on November 25, 2024, at the request of the Parties so they could pursue alternative dispute resolution ("ADR") (Doc. 29). On February 24, 2025, the Parties filed a status report notifying the Court that they were unable to reach a resolution of this matter through their ADR efforts and request the Court lift the stay in this case and enter an Amended Discovery and Scheduling Order.

    Following the discovery conference and representations of counsel, as well as the status report filed by the Parties related to ADR, the Court makes the following modifications to the jointly executed proposed discovery and scheduling order, which is adopted and made part of this Order to the extent it does not conflict with the instant Order, and hereby Amends the earlier Discovery and Scheduling Order:

    1)    As discussed at the conference, discovery in this case will be bifurcated into two phases: Precertification discovery and Post-certification discovery. This Order strictly concerns the first phase of discovery.

    2)    Precertification discovery will relate to issues concerning class designation and suitability for class action. The Court will permit written discovery for named Plaintiffs and any necessary depositions of the named Plaintiffs and other parties who may have information

1

concerning issues relating to class certification. Discovery limitations provided in the Local Rules will apply to the full extent except that under M.D. Ga. L.R. 34 the Parties have agreed that each Party will be allowed to serve twenty-five (25) requests for production instead of ten (10) requests. The discovery limitations provided under Local Rules will reset for post-certification discovery.

3) The precertification discovery period is limited in scope as described in paragraph 2 above. However, the Parties may agree to conduct broader discovery in the precertification period that would otherwise be scheduled to occur in the post-certification discovery period—particularly with respect to the named Plaintiffs—so as to accommodate such witnesses, limit the necessity for multiple depositions of such witnesses, and to reduce time and expense that may be incurred by deposing Parties more than once. However, the Court will not entertain disagreements as to discovery conducted outside of the relevant discovery period to which the Parties do not agree.

4) Initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a)(1), were exchanged on August 23 and 26, 2024.

5) Precertification fact discovery will be completed by **Friday, April 18, 2025**, unless extended by the Court for good cause shown upon timely written motion by either party.

6) Any discovery requests filed by a party upon another party shall be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court.  A respondent is relieved from responding to discovery requests that do not meet this requirement. Responses to written discovery that was served by any party prior to the entry of the stay are due on or before **Monday, March 17, 2025**.

7) Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed within twenty-one (21) days of the date on which the response(s) was due, or twenty-one (21) days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one (21) days after the close of discovery, whichever first occurs. With respect to

discovery that was already served by the parties in September 2024, the deadline to file any motions under Rule 37 is **Monday, March 24, 2025**. With respect to discovery that was served prior to the entry of the stay and which must be responded to by **Monday, March 17, 2025**, the deadline to file a motion under Rule 37 is **Tuesday, April 15, 2025**.

8) As an alternative to filing a formal motion under Rule 37, the parties, within the time allowed, may contact the Courtroom Deputy, Gloria Anderson, by phone at 229-430-8553 or by email at gloria_anderson@gamd.uscourts.gov to request a telephonic conference with the Court to address and resolve the disputed matter. By close of business on the last business day prior to the conference, counsel shall provide a concise statement of the issues and summary of each party's position. Counsel may provide a joint statement submitted by either counsel.

9) Unless discovery is extended, all motions relating to FLSA collective action certification and Rule 23 class certification must be filed no later than **Friday, May 9, 2025**, unless extended by Order of the Court. In the event that discovery is extended, all motions relating to FLSA collective action certification and Rule 23 class certification must be filed no later than forty-five (45) days after the close of any extended precertification discovery period.

10) A response to any motion relating to Rule 23 class certification must be filed within forty-five (45) days after such motion is filed. In the event the deadline for filing motions relating to Rule 23 class certification is extended pursuant to paragraph 9 above, the latest deadline for filing responses to such motion, will likewise be extended. A response to any motion for FLSA collective action certification will be governed by Local Rule 7.2.

11) At the conclusion of dispositive or other motions relating to class certification, if any claims remain, the Court will schedule a telephonic conference to set post-certification discovery deadlines. Prior to such conference, the Parties shall promptly confer and provide to the Court a joint proposed scheduling order for post-certification discovery. A separate Order providing notice of the telephonic conference and the due date for the proposed scheduling order will be entered at the appropriate time.

12) In the event extensions of the precertification deadlines set out above may affect the ability of other individuals to file a consent to opt-in or to join this action to preserve their rights under the Fair Labor Standards Act prior to the applicable statute of limitations, the

3

Parties shall confer and work together to seek to agree to toll the applicable statute of limitations. If the Parties are unable to come to such a tolling agreement, a timely, appropriate motion may be filed to adjust this schedule to protect such potential plaintiffs' available time to file claims or to opt-in to any approved class.

13) Per discussions at the conference, the Parties do not anticipate using experts relating to issues concerning class certification. However, should this notion change, the Parties are directed to promptly inform the Court and submit joint proposed deadlines for expert related discovery during the precertification period.

To move cases expeditiously, the Court will strictly enforce Local Rule 6.2. Accordingly, should any party request an additional extension of time for filing motions, pleadings, responses, or other documents beyond that granted by the Clerk or his deputy when permitted without leave of Court, such request must be made by written motion filed no later than five (5) days before the expiration of the extension granted by the Clerk. Additionally, should any written motion for an initial extension of time for filing be made directly to the Court, it must be filed no later than two (2) business days before the expiration of the deadline sought to be extended. Such motion must state why an extension is needed. Despite any extension that may be given, the parties are directed to act expeditiously and in good faith to complete discovery as scheduled.

The Parties are further reminded that, pursuant to Local Rule 56, parties must include a separate, short, and concise statement of material facts, including specific reference to the relevant documents which support such contentions. Failure to comply with Local Rule 56 may result in the denial of the motion or rejection of the response.

Further, in accordance with the Court's oral pronouncements at the Discovery Conference, all evidence produced by a Party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary, unless the producing Party specifically notes in writing and contemporaneously with production of the evidence to the requesting Party the grounds for waiver of or objection to the presumption of authentication. Initial discovery disclosures produced under Rule 26(a) of the Federal Rules of Civil Procedure will not be

deemed authenticated unless designated in response to a later discovery request.  Substantive objections are not waived by said production.

Further, it is hereby **ORDERED** that the stay of this case is hereby lifted.

**SO ORDERED**, this 26th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
