## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| ARNULFO GARCIA-RAMOS, PABLO CASTILLO-OLGUIN, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT & VEGETABLE, INC.; HAMILTON GROWERS, INC.; KENT HAMILTON; HAMILTON PRODUCE, L.P.; KENDA PROPERTIES, L.P.; WK HOLDINGS, LLC; and WKW, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE**<br><br>**FILE NO.: 7:24-cv-00054-WLS** |

### FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW, Defendants in the above styled-action, by and through their counsel, and file this, their Answer to Plaintiffs' Complaint [Doc. 1]. This Amended Answer is filed pursuant Plaintiffs' request to Defendants to amend their Answer to address certain issues, and thus, is filed pursuant to Federal Rule of Civil Procedure 15(a)(2):

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the Plaintiffs have not incurred damages.

### THIRD DEFENSE

Some or all of the Plaintiffs have been fully compensated for all hours worked in compliance with the FLSA and H-2A visa program.

## FOURTH DEFENSE

Any violation by Defendants was neither knowing nor willful.

## FIFTH DEFENSE

Some or all of the Plaintiffs have been fully compensated for the hours worked and fully reimbursed for reimbursable expenses in accordance with all applicable laws.

## SIXTH DEFENSE

To the extent that Plaintiffs seek any liability prior to two (2) years before the filing of this Complaint or any opt-in consent, as modified by a tolling agreement, whichever is later, the statute of limitations has run and bars such claims.

## SEVENTH DEFENSE

Defendants acts or omissions were taken in good faith and with reasonable grounds to believe that such acts or omissions were in compliance with the FLSA. Specifically, Defendants contend that any and all H2A employees were paid consistent with the FLSA and that Defendant is legally correct in believing its employees are covered by the exemptions to overtime identified as affirmative defenses within this First Amended Answer, and even if a finding is made that the FLSA exemptions do not apply to any of its H2A workers, they are relying in good faith upon the applicable caselaw and regulations in believing they are in compliance with the FLSA and there are no facts or evidence to support a finding that this belief is not held in good faith.

## EIGHTH DEFENSE

Plaintiffs do not have privity in contract with any Defendant except Hamilton Growers, Inc.

**NINTH DEFENSE**

Any expenditures incurred in Mexico prior to the Plaintiffs' first workweek with Defendant Hamilton Growers, Inc. are exempt from the provisions of the FLSA pursuant to 29 U.S.C. § 213(f).

**TENTH DEFENSE**

Defendants Southern Valley Fruit & Vegetable, Inc., Kent Hamilton, Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; and WKW, LLC were not Plaintiffs or opt-in Plaintiffs employer, and are not proper Defendants.

**ELEVENTH DEFENSE**

Some or all of the Plaintiffs are and were exempt from overtime pursuant to the FLSA's agricultural exemption, pursuant to Sections 13(a)(6), 13(b)(1), 13(b)(12), 13(b)(13), 13(b)(16), and any other agricultural exemptions to the overtime and/or minimum wage obligations of the Fair Labor Standards Act.

**TWELFTH DEFENSE**

Some of Plaintiffs' claims are barred because they are not employees under the Fair Labor Standards Act.

**THIRTEENTH DEFENSE**

Plaintiffs', and any alleged similarly situated employees' claims, are barred to the extent they exceed the two-year statute of limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), which may be impacted by a tolling agreement.

**FOURTEENTH DEFENSE**

Plaintiffs', and any alleged similarly situated employees' claims, are barred to the extent they exceed the three-year statute of limitations period set forth in Section 6(a) of the Portal-to-

Portal Act, 29 U.S.C. § 255(a), which may be impacted by a tolling agreement.

### FIFTEENTH DEFENSE

Plaintiffs and any alleged similarly situated employees cannot satisfy the requirements to maintain a collective action under the FLSA, 29 U.S.C. § 216(b).

### SIXTEENTH DEFENSE

Plaintiff and any alleged similarly situated employees cannot satisfy the requirements to maintain a class action under Fed. R. Civ. P. 23.

### SEVENTEENTH DEFENSE

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

### EIGHTEENTH DEFENSE

The adjudication of the claims of the putative class through generalized class-wide proof violated Defendants' rights to a trial by jury guaranteed by the United States Constitution.

### NINETEENTH DEFENSE

The circumstances constituting any alleged fraud or mistake are not stated with particularity in Plaintiff's Complaint.

### TWENTIETH DEFENSE

Plaintiffs lack standing to assert the fraud claims alleged in Complaint.

## **TWENTY-FIRST DEFENSE**

Plaintiffs attempts to obtain wages at the prevailing wage rates for enumerated occupations is unsupported by law, as stated more completely in the contemporaneously filed Motion to Dismiss.

## **TWENTY-SECOND DEFENSE**

The Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## **TWENTY-THIRD DEFENSE**

For answer to the respective paragraphs of the Complaint, Defendants show as follows:

1.    Defendants admit that Hamilton Growers, Inc. employed some or all of Plaintiffs, that some were employed in Georgia and in Tennessee, and that Plaintiffs attempt to file this action on behalf of themselves and others that they contend are similarly situated under the FLSA and other laws.  Defendants deny the remaining allegations pled in paragraph 1 of Plaintiffs' Complaint, and more specifically, deny that Plaintiffs are similarly situated, that they were employed at "substandard wages," and that they can state a claim under the FLSA, AWPA, fraud, or any other law.

2.    Denied.

3.    Denied.

4.    Defendants admit that Plaintiffs seek to recover damages on behalf of themselves an alleged class of those similarly situated, and deny the remaining allegations pled in paragraph 4 of the Complaint.

## Jurisdiction and Venue

5.     Defendants admit that this Court has jurisdiction over this type of action pursuant to Federal law, but deny that Plaintiffs' claims have merit, that they are entitled to any relief whatsoever under State or Federal law, and deny all remaining allegations pled in paragraph 5 of the Complaint.

6.     Denied.

7.     Defendants admit that venue is proper in the Middle District of Georgia, deny that Plaintiffs' claims have merit, or that they are entitled to any relief whatsoever under State or Federal law, and deny all remaining allegations pled in paragraph 7 of the Complaint.

## Parties

8.     Defendants admit that Plaintiff Garcia-Ramos worked for Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 8 of the Complaint.

9.     Defendants admit that Plaintiff Garcia-Ramos asserts claims for the time period of 2019 through 2023, deny that there is any merit to said claims, and therefore, denies the remaining allegations pled in paragraph 9 of the Complaint.

10.     Defendants admit that Plaintiff Garcia-Ramos was employed by Hamilton Growers, Inc. as a forklift driver, deny that he worked in the additional enumerated positions, deny that there is any merit to his alleged claims, and deny that he is similarly situated to any other workers with, and deny the remaining allegations pled in paragraph 10 of the Complaint.

11.    Defendants admit that Plaintiff Castillo-Olguin worked for Hamilton Growers, Inc., and deny the remaining allegations pled in paragraph 11 of the Complaint.

12.    Defendants admit that Plaintiff Castillo-Olguin worked as a maintenance worker for Hamilton Growers, Inc. and deny the remaining allegations pled in paragraph 12 of the Complaint.

13.    Defendants admit that Plaintiff Castillo-Olguin was employed by Hamilton Growers, Inc. as part of the H-2A program subject to certain requirements under AWPA, and deny the remaining allegations pled in paragraph 13 of the Complaint.

14.    Denied.

15.    Defendants admit that Plaintiff's Garcia-Ramos and Catillo-Olguin were admitted to the United States pursuant to the H-2A program, and deny the remaining allegations pled in paragraph 15 of the Complaint.

16.    Denied.

17.    Defendants admit that Plaintiffs attached FLSA consent forms, deny that they are appropriate Plaintiffs, that they have stated violations of the FLSA, that they are similarly situated, and deny the remaining allegations pled in paragraph 17 of the Complaint.

18.    Defendants admit that the named Defendants are Georgia corporations, limited partnerships, or limited liability companies with a principal place of business in Norman Park, Georgia, and deny the remaining allegations pled in paragraph 18 of the Complaint.

19.     Defendants admit that Kent Hamilton is the CEO of Hamilton Growers and

Southern Valley, and deny the remaining allegations pled in paragraph 19 of the Complaint.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendants admit that service was waived, and therefore proper, in this matter,

and deny the remaining allegations pled in paragraph 24 of the Complaint.

25.     Defendants admit that service was waived, and therefore proper, in this matter,

and deny the remaining allegations pled in paragraph 25 of the Complaint.

26.     Defendants admit that service was waived, and therefore proper, in this matter,

and deny the remaining allegations pled in paragraph 26 of the Complaint.

27.     Denied.

28.     Denied.

29.     Defendants admit that WK Holdings, LLC is a General Partner of Kenda

Properties, LP and Hamilton Produce, LP, and deny the remaining allegations pled in paragraph

29 of the Complaint.

30.     Denied.

31.     Denied.

32.     Admitted.

33.     Denied.

34.     Admitted.

35.     Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    The allegations in paragraph 42 are confusing, and as such, Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 42 of the Complaint.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Admitted.

49.    Admitted.

50.    Denied.

51.    Defendants admit that entities that receive produce use a same or similar Receiving Record form, and deny the remaining allegations pled in paragraph 51 of the Complaint.

52.    Denied.

53.    The allegations in paragraph 53 are confusing, and as such, Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 53 of the Complaint.

54.    Denied.

55.    Denied.

56.    Defendants admit that Defendant Hamilton Growers, Inc., employed named Defendants and had job orders under the H-2A program, and deny the remaining allegations pled in paragraph 56 of the Complaint.

57.    Defendants admit that Kent Hamilton and Courtney (Hamilton) Griffin signed H-2A job orders for Defendant Hamilton Growers, Inc., during the relevant time periods of the Complaint, and deny the remaining allegations pled in paragraph 57 of the Complaint.

58.    Denied.

59.    Defendants admit that Defendant Hamilton Growers, Inc. is covered by the FLSA, and deny the remaining allegations pled in paragraph 59 of the Complaint.

## **H-2A Program**

60.    Paragraph 60 of Plaintiffs' Complaint is admitted in part and denied in part. It is admitted that Paragraph 60 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

61.    Paragraph 61 of Plaintiffs' Complaint is admitted in part and denied in part. It is admitted that Paragraph 61 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

62.    Paragraph 62 of Plaintiffs' Complaint is admitted in part and denied in part. It is admitted that Paragraph 62 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

63.    Defendants show that the referenced contracts and job orders speak for themselves and do not require a response, and therefore, deny the allegations pled in paragraph 63 of the Complaint.

64.    Admitted.

65.    Defendants admit that at various times Employer Certifications were signed by Kent Hamilton and/or Courtney H. Griffin, and deny the remaining allegations pled in paragraph 65 of the Complaint.

66.    Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that some of its job orders include the quoted language, that the phrase "a prevailing wage rate" references prevailing wages set by a State Workforce Agency, when applicable, consistent with H2A rules and regulations.

67.    Admitted.

68.    Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent that a response is required, Defendants admit that the wages they paid were free and clear from improper deductions and were not reduced to shift costs, and that the job orders identify regulations applicable to Hamilton Growers (and all H2A employers).

69.    Defendants admit that 20 C.F.R. 655.135(j) provides the assurance and obligations H-2A employers, including Hamilton Growers, make to H-2A employees, and that the referenced section requires H-2A employers to comply with the prohibition against employing paying fees with their H-2A employees.  Defendants deny that this regulation was violated, and as such, deny the remaining allegations pled in paragraph 69 of the Complaint.

70.    Defendants admit that 20 C.F.R. 655.122(a) applies to the contents of job offers for H-2A workers, including job offers made by Hamilton Growers in the H2A context, admit that the quote language is included in the cited  regulation, but deny that this regulation was violated by Defendants, and as such, deny the remaining allegations pled in paragraph 70 of the Complaint.

71.    Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that some or all of its job orders include the quoted language, and that the phrase "a prevailing wage rate" references prevailing wages set by a State Workforce Agency, when applicable, consistent with H2A rules and regulations.

72.    Defendants show that the referenced regulation has no impact or import on the allegations in the Complaint, and therefore, deny the allegations pled in paragraph 72 of the Complaint.

73.    Defendants show that the referenced regulation has not impact or import on the allegations in the Complaint, and therefore, deny the allegations pled in paragraph 73 of the Complaint.

74.    Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that 20 C.F.R. 655.122(h) applies to Hamilton Grower's relationship with H-2A employees and governs

its obligations to pay transportation and subsistence costs, as interpreted consistent with applicable case law and other regulations.

75.     Admitted.

76.     Defendants show that the referenced contracts and regulations speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that as to its H-2A workers Hamilton Growers is bound to comply with the applicable H-2A regulations in place at the time job orders are submitted and H-2A workers are employed, including the regulations referenced in this paragraph, as interpreted consistent with applicable case law and other regulations.

77.     Defendants admit that there are many similarities in the various job orders submitted by Hamilton Growers, however, because the job orders have differences as well and because "nearly identical" is a subjective term, this paragraph is denied.

## Statement of Facts

78.     Defendants admit that Hamilton Growers, Inc. employed H-2A workers under job order contracts, and deny the remaining allegations pled in paragraph 78 of the Complaint.

79.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants show that the allegations are correct that Hamilton Growers submitted a job order in 2018 proposing to employ workers from March 1, 2018 through December 31, 2018, however, upon information and belief, the job order proposed to employ 235 workers.

80.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, admitted.

81.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, admitted.

82.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, admitted.

83.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants show that the allegations are correct that Hamilton Growers submitted a job order in 2018 proposing to employ workers from October 2, 2018 through November 15, 2018, however, upon information and belief, the job order proposed to employ 80 workers.

84.     Defendants admit that some of the named Plaintiffs and opt-in Plaintiffs were employed under a job order and work contract in 2018, and deny the remaining allegations pled in paragraph 84 of the Complaint.

85.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that referenced job orders were submitted, however, the job titles referenced in job orders in subparagraph (a) and (d) are incorrect in that they state only "Farm Workers" when the job orders state "Farm Workers and Laborers," and all of the job orders more fully describe the job duties for these roles within their submissions and include the job duties performed by Plaintiffs.

86.     Defendants admit that some of the named Plaintiffs and opt-in Plaintiffs were employed under a job order and work contract in 2019, and deny the remaining allegations pled in paragraph 86 of the Complaint.

87.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that

referenced job orders were submitted, however, the job titles referenced in job orders in subparagraphs (a) through (e) are incorrect in that they state only "Farm Workers" when the job orders state "Farm Workers and Laborers, crop" and all of the job orders more fully describe the job duties for these roles within their submissions and include the job duties performed by Plaintiffs.

88.     Defendants admit that some of the named Plaintiffs and opt-in Plaintiffs were employed under a job order and work contract in 2020, and deny the remaining allegations pled in paragraph 88 of the Complaint.

89.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that referenced job orders were submitted, however, the job titles referenced in job orders in subparagraphs (a) through (g) are incorrect in that they state only "Farm Workers" when the job orders state "Farm Workers and Laborers, crop" and all of the job orders more fully describe the job duties for these roles within their submissions and include the job duties performed by Plaintiffs.  Further responding, upon information and belief, the job order referenced in allegation 89(c) proposed dates of March 29, 2021 through December 4, 2021, and the job order referenced in allegation 89(e) appears to be duplicative of the allegation in 89(c).

90.     Defendants admit that some of the named Plaintiffs and opt-in Plaintiffs were employed under a job order and work contract in 2021, and deny the remaining allegations pled in paragraph 90 of the Complaint.

91.     Defendants show that the referenced contracts and job orders speak for themselves and do not require a response.  To the extent a response is required, Defendants admit that referenced job orders were submitted, however, the job titles referenced in job orders in

subparagraphs (a) through (g) are incorrect in that they state only "Farm Workers" when the job

orders state "Farm Workers and Laborers, crop" and all of the job orders more fully describe the

job duties for these roles within their submissions and include the job duties performed by

Plaintiffs.

92.    Defendants admit that some of the named Plaintiffs and opt-in Plaintiffs were

employed under a job order and work contract in 2022, and deny the remaining allegations pled in

paragraph 92 of the Complaint.

93.    Defendants show that the referenced contracts and job orders speak for themselves

and do not require a response.  To the extent a response is required, Defendants admit that the job

orders referenced in subparagraphs 93(b) through 93(h) were submitted, however, the job titles

referenced in job orders in subparagraphs (b) through (h) are incorrect in that they state only "Farm

Workers" when the job orders state "Farm Workers and Laborers, Crop, Nursery & Greenhouse"

and all of the job orders more fully describe the job duties for these roles within their submissions

and include the job duties performed by Plaintiffs.  Further responding, upon information and

belief, Defendants are not familiar with the job order referenced in allegation 93(a) and therefore

deny the allegations contained in 93(a) of the Complaint.

94.    Defendants admit that some of the named Plaintiffs and opt-in Plaintiffs were

employed under a job order and work contract in 2023, and deny the remaining allegations pled in

paragraph 94 of the Complaint.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.     Denied.

100.    Defendants show that the referenced contracts and job orders speak for themselves and do not require a response. To the extent a response is required, Defendants admit that Hamilton Growers must pay for all hours worked in a manner consistent between its H2A workers and domestic workers, consistent with applicable H2A regulations and FLSA regulations, and deny the remaining allegations pled in paragraph 100 of the Complaint.

101.    Defendants admit that the H-2A job orders provide some of the terms and conditions of employment between Hamilton Growers and its H2A employees, and deny the remaining allegations pled in paragraph 101 of the Complaint.

102.    Defendants admit that some of the terms may create a contract, and deny the remaining allegations pled in 102 of the Complaint.

103.    Denied.

104.    Defendants show that Plaintiffs were not entitled to "prevailing wage" payments as alleged by Plaintiffs, and therefore, deny the allegations pled in paragraph 104 of the Complaint.

105.    Defendants admit that the H2A regulations can create obligations for domestic workers known as "corresponding employment," and deny the remaining allegations pled in paragraph 105 of the Complaint.

106.    Defendants show that Plaintiffs are or were farm workers, and therefore, Defendants deny the allegations pled in paragraph 106 of the Complaint.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Defendants deny that any Plaintiff or Plaintiffs are or were entitled to the prevailing wage rates and job classifications identified by Plaintiffs, and therefore, deny the allegations pled in paragraph 110 of the Complaint.

111.    Denied.

112.    Defendants deny that any Plaintiff or Plaintiffs are or were entitled to the prevailing wage rates and job classifications identified by Plaintiffs, and therefore, deny the allegations pled in paragraph 112 of the Complaint.

**<u>Recruitment, Hiring, and Expenses of Plaintiff Workers</u>**

113.    Denied.

114.    Denied.

115.    Denied.

116.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 116 of the Complaint.

117.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 117 of the Complaint.

118.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 118 of the Complaint.

119.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 119 of the Complaint.

120.    Defendants admit that foreign nationals may incur various immigration and travel-related expenses incidental to coming to work in the United States, deny that Plaintiffs bore the full economic burden of those expenses, and deny the remaining allegations pled in paragraph 120 of the Complaint.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Defendants admit that Plaintiffs Garcia-Ramos and Castillo-Olguin had job duties that may include driving forklifts at some point in time, and deny the remaining allegations pled in paragraph 127 of the Complaint.

### Allegations Regarding Packing Shed Work

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Defendants show that some of the Plaintiffs may have completed work in the packing shed, including working, at times, more than forty hours in a work week, and deny the remaining allegations pled in paragraph 132 of the Complaint.

133.    Defendants deny that Plaintiffs and others were entitled to overtime pay at 1 ½ times their regular rate of pay for hours worked over forty in a workweek, and as such, deny the allegations pled in paragraph 133 of the Complaint.

134.    Defendants admit that they previously have been sued where other Plaintiffs sought to bring claims under the FLSA, and deny the remaining allegations pled in paragraph 134 of the Complaint.

135.    Defendants admit that Plaintiffs' counsel has sued them previously, deny that there were cognizable violations in the previous litigation, and as such, deny the allegations pled in paragraph 135 of the Complaint.

136.    Denied.

## FLSA Collective Action Allegations

137.    Defendants admit that Plaintiffs attempt to bring this matter on behalf of themselves and others similarly situated that have worked for Defendants in the previous 3 years, deny that the Plaintiffs are similarly situated or entitled to pursue a collective action, and deny the remaining allegations pled in paragraph 137 of the Complaint.

138.    Denied.

139.    Denied.

140.    Denied.

## Rule 23 Class Allegations

141.    Defendants admit that Plaintiffs allege and attempt to bring claims under Rule 23(b)(3), deny that Plaintiffs are entitled to bring such claims or that they can meet the standard for class certification, and deny the remaining allegations pled in paragraph 141 of the Complaint.

142.    Defendants admit that Plaintiffs seek to certify a class as alleged in paragraphs 142(a) and (b), deny that these classes are appropriate, deny that class certification is appropriate, and deny the remaining allegations in paragraph 142 of the Complaint.

143.    Denied.

144.    Defendants admit that Plaintiffs seek to represent and certify a class as pled, deny that the class is appropriate, deny that class certification is appropriate, and deny the remaining allegations in paragraph 144 of the Complaint.

145.    Defendants admit that Plaintiffs seek to represent and certify a class as pled, deny that the class is appropriate, deny that class certification is appropriate, and deny the remaining allegations in paragraph 145 of the Complaint.

146.    Defendants admit that Plaintiffs seek to represent and certify a class as pled, deny that the class is appropriate, deny that class certification is appropriate, and deny the remaining allegations in paragraph 146 of the Complaint.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

## COUNT I – FLSA MINIMUM WAGE

151.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 150 above.

152.    Defendants admit that this Count alleges a violation of the FLSA's minimum wage provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 152 of the Complaint.

153.    Defendants admit that Plaintiff Garcia-Ramos seeks to assert this claim for the 2021 and 2022 season, deny that the claim or allegations have merit, and deny the remaining allegations pled in paragraph 153 of the Complaint.

154.    Defendants admit that Plaintiff Castillo-Olguin seeks to assert this claim for the 2021, 2022 and 2023 seasons, deny that the claim or allegations have merit, and deny the remaining allegations pled in paragraph 154 of the Complaint.

155.    Defendants admit that this Count alleges a violation of the FLSA's minimum wage provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 155 of the Complaint.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

## COUNT II – FLSA OVERTIME

161.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 160 above.

162.    Defendants admit that this Count alleges a violation of the FLSA's overtime provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 162 of the Complaint.

163.    Defendants admit that Plaintiffs Garcia-Ramos and Castillo-Olguin attempt to bring this count on behalf of themselves and others they claim are similarly situated for each season they worked in 2021, 2022 and 2023, deny that the claim or allegations have merit, and deny the remaining allegations pled in paragraph 163 of the Complaint.

164.    Defendants deny that Plaintiffs worked "long hours" and deny that they were entitled to overtime, and as such, deny the allegations pled in paragraph 164 of the Complaint.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Defendants admit that they have responded and complied with previous investigations by USDOL's Wage and Hour Division, deny that they have intentionally violated any overtime requirements of the FLSA, and deny the remaining allegations pled in paragraph 168 of the Complaint.

169.    Denied.

170.    Denied.

171.    Denied.

## COUNT III – BREACH OF CONTRACT

172.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 171 above.

173.    Defendants admit that this Count alleges a breach of contract related to rate of pay, transportation, and other provisions, deny that the claim has merit, and deny the remaining allegations pled in paragraph 173 of the Complaint.

174.    Defendants deny that Plaintiffs are entitled to bring this claim on behalf of themselves and others, and as such, deny the allegations in paragraph 174 of the Complaint.

175.    Defendants admit that Plaintiff attempt Castillo-Olguin asserts this claim for the 2018 through 2023 seasons, and Plaintiff Garcia-Ramos asserts this claim for the 2019 through 2023 season, deny that the claims have merit, and deny the remaining allegations pled in paragraph 175 of the Complaint.

176.    Defendants admit that the H-2A job orders provide some of the terms and conditions of employment between Hamilton Growers and its H2A employees, and deny the remaining allegations pled in paragraph 176 of the Complaint.

177.    Defendants admit that Plaintiffs worked for Defendant Hamilton Growers pursuant to the terms and conditions laid out in job orders and employment contracts, and deny the remaining allegations pled in paragraph 177 of the Complaint.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

## <u>COUNT IV – AGRICULTURAL WORKER PROTECTION ACT</u>

184.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 183 above.

185.    Defendants admit that Plaintiff Garcia-Ramos attempts to bring this claim for the 2019 through 2023 seasons, allegedly on behalf of himself and others he claims are similarly situated, and deny the allegations pled in paragraph 185 of the Complaint.

186.    Defendants admit that Plaintiff Garcia-Ramos attempts to bring this claim for the 2019 through 2023 seasons, allegedly on behalf of himself and others he claims are similarly situated, and deny the allegations pled in paragraph 186 of the Complaint.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Defendants admit that Plaintiffs attempt to bring the claims as pled, deny the violations alleged, and deny the remaining allegations pled in paragraph 190 of the Complaint.

191.    Defendants admit that Plaintiffs attempt to bring the claims as pled, deny the violations alleged, and deny the remaining allegations pled in paragraph 191 of the Complaint.

192.    Denied.

193.    Defendants admit that Plaintiffs attempt to bring the claims as pled, deny the violations alleged, and deny the remaining allegations pled in paragraph 193 of the Complaint.

194.    Defendants admit that Plaintiffs attempt to bring the claims as pled, deny the violations alleged, and deny the remaining allegations pled in paragraph 194 of the Complaint.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

<strong><u>COUNT V – FRAUD</u></strong>

201.    Defendants admit that Plaintiffs seek to bring a fraud claim as alleged in paragraph 201 of the Complaint, deny that the claim has merit, and deny the remaining allegations pled in paragraph 201 of the Complaint.

202.    Defendants admit that Plaintiff Castillo-Olguin attempts to bring this claim for the years 2018 through 2023, and Plaintiff Garcia-Ramos attempts to bring this claim for the years 2019 through 2023, and deny the remaining allegations pled in paragraph 202 of the Complaint.

203.    Defendants admit that the Hamilton Growers procured H-2A workers by submitting job orders as alleged in paragraph 203 of the Complaint, and deny the allegations in paragraph 203 of the Complaint as to the remaining Defendants.

204.    Defendants show that the job orders did not all use the term "farm laborers," alone, as some included "farm workers and laborers" or similar language, however, Defendants admit that Hamilton Growers' job orders contained language similar to the term "farm laborers" in each job order.

205.    Defendants show that the job orders did Defendants show that the job orders did not all use the term "farm laborers," alone, as some included "farm workers and laborers" or similar language, however, Defendants admit that Hamilton Growers' job orders contained language similar to the term "farm laborers" in each job order.

206.    Denied.

207.    Denied.

208.    Defendants show that the statements made in the petitions, job orders and contracts were truthful and accurate, and as such, deny the allegations pled in paragraph 208 of the Complaint.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

## **PRAYER FOR RELIEF**

214.    Defendants deny that Plaintiffs are entitled to any relief, including the relief identified in the Prayer for Relief section of Plaintiffs' Complaint, and subsections (a) through (i) thereof.

215.    Any allegations not otherwise answered or responded to herein are hereby denied, as though set forth fully and denied.

Respectfully submitted this 12th day of March, 2025.

*s/Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
mheller@fisherphillips.com
David P. Lerner
Georgia Bar No. 853678
dlerner@fisherphillips.com
**FISHER & PHILLIPS LLP**
1230 Peachtree Street NE, Suite 3300
Atlanta, Georgia 30909
Telephone: (404) -231-1400
Facsimile:  (404) 240-4249

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| ARNULFO GARCIA-RAMOS,<br>PABLO CASTILLO-OLGUIN, and<br>all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT &<br>VEGETABLE, INC.; HAMILTON<br>GROWERS, INC.; KENT HAMILTON;<br>HAMILTON PRODUCE, L.P.;<br>KENDA PROPERTIES, L.P.; WK<br>HOLDINGS, LLC; and WKW, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE**<br><br>**FILE NO.: 7:24-cv-00054-WLS** |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day electronically submitted the foregoing **FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** to the clerk of court using the CM/ECF system, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.  Counsel of record are:

> Dawson Morton, Esq.
> Jim Knoepp, Esq.
> Dawson Morton, LLC
> 1808 Sixth St.
> Berkeley, CA 94710

This 12th day of March, 2025.

> _s/Martin B. Heller_
> Martin B. Heller
> Georgia Bar No. 360538