# EXHIBIT R

# DECLARATION OF JAMES KNOEPP

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ARNULFO GARCIA-RAMOS, PABLO CASTILLO-OLGUIN, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT & VEGETABLE, INC.; HAMILTON GROWERS, INC.; KENT HAMILTON; HAMILTON PRODUCE, L.P.; KENDA PROPERTIES, L.P.; WK HOLDINGS, LLC; and WKW, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO.: 7:24-cv-00054-WLS<br><br>JUDGE W. LOUIS SANDS<br><br>CLASS ACTION |

## DECLARATION OF JAMES KNOEPP

1. I am one of Plaintiffs' attorneys in this matter.

2. I am admitted to practice in the state of South Carolina, the state of Georgia, the United States Court of Appeals for the 8th, 9th, and 11th Circuits, the Northern, Southern, and Middle Districts of Georgia, and the District of Colorado. I earned my Juris Doctor Degree, *cum laude*, from Loyola of Los Angeles Law School in 1998, and was admitted to practice in the state of Florida the same year. I was admitted to practice in the Commonwealth of Virginia in 2001, in the state of Georgia in 2008, and in the state of South Carolina in 2016. I retired from the Florida bar in good standing and currently hold Associate status (in good standing) with the Virginia bar.

3. Prior to starting my current position at Dawson Morton, LLC in August of 2024, I worked for 16 years at the Southern Poverty Law Center (SPLC). During my time at SPLC I

1

worked in various positions, including as Staff Attorney, Senior Staff Attorney, Senior Supervising Attorney, Deputy Legal Director of the Immigrant Justice Project, and as the organization's General Counsel. Prior to my employment at the SPLC, I was the Litigation Director for the Legal Aid Justice Center in Charlottesville, Virginia. Prior to that position I served as a Staff Attorney and then Legal Director of the Virginia Justice Center for Farm and Immigrant Workers, a project of the Legal Aid Justice Center. Prior to that position I was a Skadden, Arps, Slate, Meagher, and Flom fellowship recipient where I worked with Florida Legal Services, Inc.'s Migrant Farmworker Justice Project.

4. During my tenure with the Migrant Farmworker Justice Project, the Virginia Justice Center/Legal Aid Justice Center, and the SPLC I have represented thousands of individuals involved in class action litigation.

5. I have served as part of the class counsel teams appointed by the court in a number of cases, including *Antonio-Benito v. Lowry Farms, Inc.*, No. 1:20-cv-1039, 2021 U.S. Dist. LEXIS 245919 (W.D. Ark. Aug. 9, 2021) (lead counsel); *Moodie v. Kiawah Island Inn Co.*, 309 F.R.D. 370 (D.S.C. 2015) (lead counsel), *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, No. LA CV 10-01172-JAK (MLGx), 2011 U.S. Dist. LEXIS 152329 (C.D. Cal. Dec. 12, 2011) (lead counsel), *Perez-Benites v. Candy Brand, LLC*, 267 F.R.D. 242 (W.D. Ark. 2010) (lead counsel), *Rosiles-Perez v. Superior Forestry Service, Inc.*, 250 F.R.D. 332 (M.D. Tenn. 2008), and *De Leon Granados v. Eller and Sons Trees, Inc.*, No. 1:05-CV-1473-CC, 2006 U.S. Dist. LEXIS 73781 (N.D. Ga. Sept. 28, 2006) (lead counsel).

6. Several of the cases listed above, and much of my practice over the last 25 years, focused on the legal rights of H-2A and H-2B workers who migrate from foreign countries to work temporarily in the United States. I have extensive knowledge of the rules and regulations

that govern the H-2A program, as well extensive knowledge regarding the Fair Labor Standards Act including, in particular, the application of the overtime exemption related to agricultural employment.

7. My firm has adequate funds to litigate this case. Plaintiffs' counsel have advanced all costs associated with this litigation to date, and will continue to do so.

8. As part of my and my co-counsel's work on this case I have been actively engaged in Phase I discovery related to the Fair Labor Standards Act claims of Plaintiffs and similarly situated workers and the proposed Rule 23 class action claims for breach of contract, fraud, and violations of the Agricultural Worker Protection Act. I have worked on Plaintiffs' affirmative discovery, including requests for production of documents, interrogatories, and requests for admission. I took a limited 30(b)(6) deposition of Defendant Hamilton Growers, Inc. that was focused on issued related the class certification and whether Plaintiffs are similarly situated to other workers within the meaning of the Fair Labor Standards Act. I have also worked on responding to Defendants' written discovery requests directed at the Plaintiffs and FLSA opt-in Plaintiffs/proposed Rule 23 class members. I and my co-counsel will continue to vigorously prosecute this case and plan additional discovery during Phase II to further develop the case in preparation for dispositive motions and trial.

9. As part of my work on this case I have reviewed responses to Plaintiffs' written discovery requests that Defendants provided, including documents that were produced by Defendants.

10. Defendants produced several Microsoft Excel spreadsheets in electronic files that relate to reimbursements that were allegedly made to Plaintiffs and other H-2A workers who were employed in their warehouses driving forklifts or performing maintenance and sanitation

3

job duties between 2018 and 2023. Those files contained information related to both inbound and outbound travel of H-2A workers and were Bates labeled as "Defs. 0014142" (2018), "Defs. 0014143" (2019), "Defs. 0014144" (2020), "Defs. 0014145" (2021), "Defs. 0014146" (2022), and "Defs. 0014147" (2023). No file was provided for 2024. I merged the information in those electronic files into one Microsoft Excel worksheet which allowed me to sort out duplicate entries for individuals who worked multiple seasons. The records showed that 77 unique individuals obtained H-2A visas to work for Defendants between 2018 and 2023 and who were employed as forklift drivers or who performed maintenance and sanitation job duties. I have not attached those records to this declaration because they are in electronic form and the information contained in the file is voluminous.

      11.     The Defendants produced a Microsoft Excel spreadsheet in its electronic format with the Bates label "Defs. 014140" that had a worksheet titled "Forklift Operators Report." The file contained information for the years 2021 through 2024. The Microsoft Excel spreadsheet, when opened electronically, contained multiple tabs, including one with payroll information. That tab had payroll information for individuals who were identified as forklift operators. Using the sort feature within Microsoft Excel, I sorted the payroll information and filtered it to the months of January and February for the years contained in the electronic file—2021 through 2024. The spreadsheet showed that 25 unique individuals were identified as having worked for the Defendants during the months of January and February in the years 2021 through 2024. No similar Microsoft Excel spreadsheet or document showing complete payroll information for forklift operators in January and February was provided by the Defendants for the years 2018 through 2020. I have not attached the Microsoft Excel records described in this paragraph to this

declaration because they are in electronic form, cannot be easily reduced to a paper or PDF format, and the data contained—line entries for every worker for every day—is voluminous.

12. The Defendants produced a Microsoft Excel spreadsheet in its electronic format with the Bates label "Defs. 014139" that contained payroll information identifying individuals who were assigned to perform maintenance or sanitation work for the years 2021 through 2023. Information for the year 2024 was not included. I sorted that payroll information, again using the Microsoft Excel options available for displaying electronically-stored information, and filtered the payroll information to display the months of January and February for the years available in the Excel file, 2021 through 2023. The spreadsheet showed that 12 unique individuals were identified as having worked for the Defendants during the months of January and February between 2021 and 2023. No similar spreadsheet or document showing complete payroll information was provided by the Defendants for the years 2018 through 2020 for this group of workers. A separate file for 2024 was produced and is discussed in the following paragraph of this declaration. I have not attached those records to this declaration because they are in electronic form, they cannot be easily reduced to a paper or PDF format, and the data contained—line entries for every worker for every day—is voluminous.

13. The Defendants produced another Microsoft Excel spreadsheet in electronic format with the Bates label "Defs. 014138" that contained payroll information identifying additional individuals who were assigned to perform maintenance or sanitation work between April of 2023 and December of 2024. Using the display features available in Microsoft Excel, I sorted that payroll information in its electronic format and filtered it to display the months of January and February for 2024. The Microsoft Excel spreadsheet did not contain any information for January and February of 2023 since there was no information provided in the

spreadsheet prior to April of 2023. The spreadsheet showed that 3 unique individuals were identified in that spreadsheet as having worked for the Defendants during the months of January and February in 2024.

14.     As part of discovery during Phase I of this case, the Plaintiffs requested that Defendants provide them any documents showing they notified the federal government that H-2A workers had abandoned their employment between 2018 and 2024 with work still left to be performed. I have reviewed all of the documents that were produced by the Defendants in response to Plaintiffs' requests. The documents produced show that Defendants filled out forms with respect to only two H-2A workers who they claimed abandoned their employment between 2018 and 2024. Defendants' document production does not indicate if those forms were actually sent to the federal government. Those documents had Bates numbers Defs. 005766 (Isael Sandoval Tapia – December 23, 2020) and Defs. 009106 (Cristian Ramires Ronquillo – April 12, 2022).

15.     In support of their Motion for Rule 23 Class Certification, Plaintiffs are filing Exhibits A-G, K, and L, which are all documents that were produced by Defendants in response to Plaintiffs' requests for production in these proceedings. Plaintiffs are also filing Exhibits I and J, which are Defendants' responses to Plaintiffs' interrogatories and requests for admission, respectively. Finally, Plaintiffs are filing Exhibits J, P, and Q, which are excerpts from sworn deposition testimony taken in these proceedings. Counsel affirms that this discovery is being filed for use in these proceedings as evidence in support of Plaintiffs' Motion for Rule 23 Class Certification.

16.     Pursuant to 28 U.S.C. § 1746 and under penalty of perjury, I declare that the foregoing facts are true and correct to the best of my knowledge.

Executed on May 30, 2025.

_____
James Knoepp