IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ARNULFO GARCIA-RAMOS,** *et al.*, | : |
| Plaintiffs, | : |
| v. | : CASE NO: 7:24-CV-54-WLS |
| **KENT HAMILTON,** *et al.*, | : |
| Defendants. | : |

## **ORDER**

Before the Court are Plaintiffs' Motion for 29 U.S.C. § 216(B) Notice to Similarly Situated Workers and for Disclosure of Contact Information (Doc. 35) and Plaintiffs' Motion for Rule 23 Class Certification (Doc. 37) (together the "Motions"). The Court's preliminary review of the Record reveals that Plaintiffs have failed to file discovery in accordance with the Local Rules.

Specifically, under Local Rule 5.1 "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing (a) depositions, (b) interrogatories, (c) request for documents[,] . . . and requests for admission." M.D. Ga. L.R. 5.1. This means that, when a party relies on a document—including a deposition—in connection with a motion, the Local Rules require that party to file the complete version of that document. *See id.* And when a party has not, the Court may order that party to do so. *See id.*

In reviewing the Record, the Court has discovered that Plaintiffs rely on heavily excerpted deposition testimony in the Motions. (*See e.g.* Docs. 35-5, 37-9, 37-17 & 37-18). For example, Plaintiffs' excerpted transcript of the April 23, 2025 deposition of Plaintiff Arnulfo Garcia-Ramos includes only 10 pages of a 114-page document (Doc. 37-17), and the excerpted transcript of the May 9, 2025 deposition of Defendant Hamilton Growers, Inc.'s designee,

Jonathan T. Schwalls, includes only 18 pages of a 257-page document (Doc. 35-5).[1] Such heavily edited transcripts leave the testimony bereft of what might be critical context, and in its present form, adds little. It is not the Court's practice to resolve substantive or dispositive motions based on incomplete documents. The Court will give Plaintiffs the opportunity to file discovery in accordance with the Local Rules, not only with respect to the specific depositions noted above, but with respect to all forms of discovery which the Plaintiffs seeks to have the Court consider in resolving the Motions as required by the Local Rules. The Court instructs Defendants' counsel to ensure compliance with the Local Rules in filing their responses to the Motions, and that all parties comply with the Local Rules when filing future motions, responses, or pleadings.

The Plaintiffs are therefore **ORDERED** to comply with the Local Rules and file the full versions of discovery materials they rely upon in their Motions no later than **Friday, June 20, 2025**.

**SO ORDERED**, this 5th day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See also*, Doc. 37-9 which includes another excepted portion of Mr. Schwalls's May 9, 2025 deposition containing only 40 pages of the 257-page document.