**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| ARNULFO GARCIA-RAMOS, ) <br> PABLO CASTILLO-OLGUIN, and ) <br> all others similarly situated, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> SOUTHERN VALLEY FRUIT & ) <br> VEGETABLE, INC.; HAMILTON ) <br> GROWERS, INC.; KENT HAMILTON; ) <br> HAMILTON PRODUCE, L.P.; ) <br> KENDA PROPERTIES, L.P.; WK ) <br> HOLDINGS, LLC; and WKW, LLC, ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION FILE** <br><br> **FILE NO.: 7:24-cv-00054-WLS** |

**DEFENDANTS' NOTICE OF OBJECTION TO PLAINTIFFS' ERRATA SHEETS**

Defendants Southern Valley Fruit & Vegetable, Inc., Hamilton Growers, Inc., Kent Hamilton, Hamilton Produce, L.P., Kenda Properties, L.P., WK Holdings, LLC, and WKW, LLC ("Defendants") file this, their Notice of Objection to Plaintiffs' Errata Sheets, showing as follows:

### I.    INTRODUCTION

Plaintiff Arnulfo Garcia-Ramos and opt-in Plaintiff Jonathan Castillo Tovar both submitted errata sheets to their deposition testimony. In doing so, both of these individuals submitted material, substantive changes to their testimony that is sham in nature and fundamentally changes their responses to two questions that are directly relevant to the Plaintiffs' Motion for Conditional Certification [Doc. 35] and Motion for Rule 23 Class Certification [Doc 37]. Because these changes are improper, material changes to the substantive testimony in their depositions, Defendants respectfully request that this Court disregard the changes objected to below.

## II. ARGUMENT AND CITATION OF AUTHORITY

**A. Legal Standard For Changes To A Deposition On An Errata Sheet**

Federal Rule of Civil Procedure 30(e) allows a deponent "to review the transcript or recording [of a deposition] and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them." FED. R. CIV. P. 30(e). Rule 30(e), however, does not allow for a deponent to make changes carte blanche. Federal courts have held that Rule 30(e) does *not* permit substantive changes to deposition testimony. *See*, e.g., *Bros. Lumber Co. v. Balking Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) as holding that "Rule 30(e) is to be used for corrective, and not contradictory, changes"). This is especially true where, as here, the testimony is sought to be used for substantive motion practice. *ChemFree Corp. v. J. Walter, Inc.*, 2008 WL 5234247, at *2 (11th Cir. 2008) ("[M]any courts agree that substantive changes to deposition testimony are particularly suspect when they are offered in response to a motion for summary judgment." (citations omitted)); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (court does not condone material changes to deposition testimony); *McCarver v. PPG Indus., Inc.*, 243 F.R.D. 668, 669 (N.D. Ala. 2007) (granting defendant's objection to plaintiff's proposed deposition corrections because they made impermissible changes to substance of deposition testimony); *Rios v. Welch*, 856 F. Supp. 1499, 1502 (D.Kan. 1994) (plaintiff is not permitted to "virtually rewrite portions of a deposition, particularly after the defendant has filed a summary judgment motion, simply by invoking the benefits of Rule 30(e)").

As explained by one court:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then correction by the deponent would be in order. The Rule cannot be interpreted to allow one to

alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992).

**B. Plaintiffs Changes Are Improper**

Plaintiff Castillo Tovar fundamentally changes his testimony when he seeks to "delete" his response located on page 55, line 22 of his testimony. Specifically, the testimony was as follows:

Q: Okay. So on that end of the packing shed, you're primarily moving produce that was grown at Hamilton Growers, correct?

A: Yes.

(Deposition of Castillo Tovar, Doc. 42-2, 55:18-22).[1]

Plaintiff Castillo Tovar proposes in his errata that "this response should be deleted. The correct response and translation is at page 56, lines 1-2." Page 56, lines 1-2, however, was the result of the interpreter speaking in Spanish to the witness, who then added "No, I primarily moved carton boxes, RPCs and pallets." (Exhibit 1, Errata Sheet of Castillo-Tovar). This was adding to the previous answer, not "deleting" it, and this change is an improper, material, substantive change.

Plaintiff Garcia-Ramos also attempts to completely re-write an answer that fundamentally changes its meaning under the guise of correcting ambiguity caused by translation. The actual testimony on page 96 of the transcript, lines 20-22 is as follows:

Q: Okay. And what is your understanding of the claims that you're bringing?

A: That – what has to do with overtime.

Q: Okay. Do you think the company breached a contract they had with you?

---

[1] Deposition citations throughout this Notice of Objection refer to the page numbers of the deposition transcript rather than the page numbers as they appear in exhibits as filed.

A: That if they not complied the contract? No.

(Deposition of Garcia-Ramos, Doc. 40-2, 96:20-22).

Plaintiff tries to change his answer to the question, now claiming that the line should read "If they had not complied with the contract? No, they did not comply." This, however, is a material change, fundamentally re-writing his answer.

(Exhibit 2, Errata Sheet of Garcia-Ramos).

Simply stated, neither of these changes are "clarifications" of ambiguous testimony or corrections of interpretive errors – these are fundamental, substantive and material changes to the testimony that are improper and should not be permitted.

### III.   CONCLUSION

As the foregoing examples demonstrate, the changes proposed by Plaintiffs in their errata sheets are entirely substantive, material, and are not proper. In fact, these types of substantive, material changes to testimony are exactly the type of changes that courts do not allow. *See Norelus*, 628 F.3d at 1281; *ChemFree Corp.*, 2008 WL 5234247, at *2. Plaintiff's prior testimony was clear and directly on point, and as such did not need "clarification" or "correction."

As noted above, it is not proper for Plaintiffs to use their errata sheets to make material changes to testimony, which contradicts or materially alters prior testimony. *See Greenway*, 144 F.R.D. at 325 ("The errata sheet 'clarifications' in this case are akin to a student who takes her in-class examination home, but submits new answers only after realizing a month later that the import of her original answers could possibly result in a failing grade."). Thus, the Court should not allow Plaintiffs to take advantage of the errata sheet process to materially change their testimony in an attempt gain certification of a class or collective action. Therefore, Defendants respectfully request that the Court disregard the objectionable portions of Plaintiffs' errata sheets.

Respectfully submitted this 3rd day of July, 2025.

                                           <u>s/Martin B. Heller</u>
                                           Martin B. Heller
                                           Georgia Bar No. 360538
                                           David Lerner
                                           Georgia Bar No, 853678
                                           **FISHER & PHILLIPS LLP**
                                           1075 Peachtree Street NE, Suite 3500
                                           Atlanta, Georgia 30909
                                           Telephone: (404) -231-1400
                                           Facsimile: (404) 240-4249
                                           mheller@fisherphillips.com
                                           dlerner@fisherphillips.com

                                           Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' NOTICE OBJECTING TO PLAINTIFFS' ERRATA SHEETS** by electronic mail to the following counsel of record:

>Dawson Morton, Esq.
>Dawson Morton, LLC
>1003 Freedom Blvd.
>Watsonville, CA 95076
>
>James M. Knoepp
>Dawson Morton, LLC
>1612 Crestwood Drive
>Columbia, SC 29205

This 3rd day of July, 2025.

>*s/Martin B. Heller*
>Martin B. Heller
>Georgia Bar No. 360538