IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ARNULFO GARCIA-RAMOS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| **)** | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.: 7:24-cv-00054-WLS |
| SOUTHERN VALLEY FRUIT & ) | |
| VEGETABLE, INC., et al. ) | JUDGE W. LOUIS SANDS |
| ) | |
| Defendants. ) | CLASS ACTION |
| ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
NOTICE OF OBJECTION TO PLAINTIFFS' ERRATA SHEETS**

Defendants object to Plaintiffs' errata sheets related to the deposition of Plaintiff Arnulfo Garcia-Ramos and FLSA Opt-in Plaintiff Jonathan Castillo-Tovar. (ECF No. 43.) The Federal Rules provide that a party may make "changes in form or substance, [by] sign[ing] a statement listing the changes and the reasons for making them." Fed R. Civ. P. 30(e). Yet Defendants claim the errata here are "improper, material changes to the substantive testimony in their depositions[.]" (ECF No. 43 at 1.)

The Eleventh Circuit has been clear that "errata sheets [a]re proper . . . . [where the party] timely submitted [their] changes and provided reasons for doing so[.]" *Fernandez v. Seaboard Marine Ltd.*, 135 F.4th 939, 950 (11th Cir. 2025).[1] In the words of the Eleventh Circuit this "complies with the text of the rule[.]" *Id.* Further, the Supreme Court instructs that district courts are to "give the Federal Rules of Civil Procedure their plain meaning." *Pavelic & LeFlore*

---

[1] Defendants do not cite this case and instead cite an unpublished "table" opinion of the Eleventh Circuit. (ECF No. 43 at 2.) The rules of the Eleventh Circuit set forth that these unpublished opinions "are not considered binding precedent[.]" U.S. Ct. App. 11th Cir. R. 36-2.

1

*v. Marvel Entm't Grp*., 493 U.S. 120, 123 (1989) (*citing Walker v. Armco Steel Corp*., 446 U.S. 740, 750 n.9 (1980)).

District courts in the Eleventh Circuit, including in this district, have followed this direction and rejected objections like those made by Defendants here. "The Rule clearly and unambiguously provides a deponent with the power to make 'changes in . . . substance.'" *Leslie v. Redstone Fed. Credit Union*, No. 5:20-cv-00629-LCB, 2022 U.S. Dist. LEXIS 254746, at *7 (N.D. Ala. Mar. 24, 2022) (quoting Fed. R. Civ. P. 30(e)). "If substantive changes were not permitted because, for example, the answers were under oath, then the language in the rule would be superfluous and confusing." *Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, No. 1:22-CV-21456-MORE, 2023 U.S. Dist. LEXIS 156742, at *9 (S.D. Fla. Sep. 5, 2023). "[I]t is permissible . . . [for a deponent] to submit an errata sheet that substantively changes [his] answers[.]" *Cent. Baptist Church of Albany Ga., Inc. v. Church Mut. Ins. Co*., No. 1:16-CV-231 (LAG), 2021 U.S. Dist. LEXIS 258471, at *8 (M.D. Ga. Sept. 30, 2021); *see also N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind SCI*, No. 20-22471-CIV, 2022 U.S. Dist. LEXIS 224860, at *6 (S.D. Fla. June 29, 2022) ("Federal Rule of Civil Procedure 30(e)(1)(B) [] expressly permits deponents to make changes to their deposition testimony 'in form and substance.'") (cleaned up); *Purdee v. Pilot Travel Ctrs., LLC*, No. CV407-028, 2007 U.S. Dist. LEXIS 78783, at *4 (S.D. Ga. Oct. 23, 2007) ("it is permissible for plaintiff to submit an errata sheet that substantively changes her answers").

"The rule does not specify which changes are permissible or treat certain changes differently than others—it simply prescribes what action must be taken if the deponent makes 'changes in form or substance' to a deposition[.]" *Hernandez v. Rush Enters*., 336 F.R.D. 534, 536 (E.D. Tex. 2020). What defendants ask—that the errata sheets not be allowed—is not an

2

available remedy because "altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation." *Id.* (quoting *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 542 (E.D. Tex. 2010)).

Defendants complain of one change by Opt-in Plaintiff Castillo-Tovar. (ECF No. 43 at 3.) The errata was to correct a spurious "yes" in the transcript that was not the Opt-in Plaintiff's response to the question posed. The transcript from page 55 to page 56 reads as follows:

```
18  Q.  Okay.  So on that end of the packing
19  shed, you're primarily moving produce that was
20  grown at Hamilton Growers, correct?
21 MR. MORTON:  Objection.
22 THE WITNESS:  Yes.
23 THE INTERPRETER:  May the interpreter
24  clear up some of these words that are in
25 English?
Page 56
1 THE WITNESS: No, I primarily moved
2 carton boxes, RPCs and pallets.
```

(ECF No. 42-2 at 16.)

The "yes" which Defendants seek to claim as a response that may not be altered was not the response to the question. The response, which the Opt-in Plaintiff has sworn is his response, is contained in the above lines at page 56 lines 1-2. (ECF No. 43-1 at 3). Defendants' complaint here seeks to ignore the plain complete response provided because of a spurious response in the transcript. "If the Court granted this motion, it would fail to honor and protect discovery's intent: to seek the truth through facts and testimony." *Leslie v. Redstone Fed. Credit Union*, No. 5:20-cv-00629-LCB, 2022 U.S. Dist. LEXIS 254746, at *7 (N.D. Ala. Mar. 24, 2022). The transcript clearly shows that the interpreter did not have the translation correct. *Sudre v. Port of Seattle*, No. C15-0928JLR, 2016 U.S. Dist. LEXIS 166882, at *15 (W.D. Wash. Dec. 2, 2016) (declining

to strike errata where "the deposition transcript reveals confusion at times between [the deponent], the attorney conducting the deposition, and the interpreter ").

Defendants also complain of one change by Plaintiff Garcia-Ramos. Defendants argue that Plaintiff's errata is "a material change" and therefore, in Defendants' view, impermissible. (ECF No. 43 at 4.) The testimony from pages 96 and 97 of the transcript was:

> 20 Q Okay. Do you think the company breached a
> 21 contract they had with you?
> 22 A That if they not complied the contract? No.
> 23 Q Okay. And if the complaint -- because I
> 24 don't want to go through the whole complaint. That'll
> 25 take forever. But if the complaint says something
> Page 97
> 1 different than what you testified to today, you've
> 2 told me the truth today; correct?
> 3 A Yes.
>
> (ECF No. 40-2 at 97-98.)

Defendants complain that correcting a response made by the Plaintiff in Spanish and translated in the transcript as "[t]hat if they not complied the contract? No," Garcia-Ramos Trans. 96:22, is not "correcting ambiguity caused by translation." (ECF No. 43 at 3) (claiming "Plaintiff's prior testimony was clear and directly on point"). Defendants are forced to argue that the answer was somehow well-translated and not ambiguous. But it is obvious on its face that the English translation is not grammatically correct and therefore confusing. Moreover, the witness has sworn that the testimony as recorded was incorrect, and has clarified the ambiguity and confusion with a sworn errata that says "If they had not complied with the contract? No, they did not comply." (ECF 43-2 at 2). Defendants are simply arguing with the witness because they prefer a different answer.

4

Both witnesses have clarified transcript errors and the federal rules do not permit Defendants to reject the witnesses' sworn corrections. Defendants' suggestion that the Court disregard the errata should be rejected.

    Respectfully submitted,

    */s/ James M. Knoepp*
James M. Knoepp
Georgia Bar No. 366241
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
Phone: (828) 379-3169
jim@dawsonmorton.com

Dawson Morton
Georgia Bar No. 525985
Dawson Morton, LLC
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
dawson@dawsonmorton.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on this date I electronically filed the foregoing using the Court's CM/ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

Martin B. Heller
David Lerner
FISHER PHILLIPS LLP
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309
mheller@fisherphillips.com
dlerner@fisherphillips.com

           */s/ James M. Knoepp*
           James M. Knoepp
           Georgia Bar No. 366241

this 17th day of July, 2025.

6