IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ARNULFO GARCIA-RAMOS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| **)** | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.: 7:24-cv-00054-WLS |
| SOUTHERN VALLEY FRUIT & ) | |
| VEGETABLE, INC., et al. ) | JUDGE W. LOUIS SANDS |
| ) | |
| Defendants. ) | CLASS ACTION |
| ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY
CERTIFICATION OF FLSA COLLECTIVE ACTION**

Prior to Plaintiffs' motion, the parties agreed to limited pre-motion partial discovery, ECF No. 23, and stayed this case for three months to engage in mediation. (ECF No. 29; ECF No. 31.) Defendants now claim this constitutes "over seven months of discovery," ECF No. 42 at 8, and that "a stricter, more searching, standard of review" should apply because the parties' exchanged some discovery. (ECF No. 42 at 9.) Defendants also claim that while the same policy of not paying overtime applied to all workers—the policy was "lawful" so this Court should not find the workers similarly situated. (ECF No. 42 at 10.) Defendants misstate the discovery which has occurred, apply an incorrect legal standard, and wrongly ask the Court to decide merits issues at this early stage. The Court should decline Defendants' invitation to deviate from Eleventh Circuit law and should instead grant Plaintiffs' motion for certification and notice.

**I.    The Case is not Ready for Trial so a First Stage Analysis is Appropriate.**

In applying the first stage preliminary certification analysis, the "plaintiff need only demonstrate a 'factual nexus' between his or her situation and the situation of other[s]" *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). "The key to … a collective action is a showing that there is a similarly situated group of employees." *Morgan v. Family Dollar*

1

*Stores*, 551 F.3d 1233, 1259 (11th Cir. 2008). Here, the factual nexus is that Defendants treated all Plaintiffs and the putative group as overtime exempt, denying them wages to which they were entitled. Defendants do not dispute that the putative collective was all denied overtime pay, but ask this Court to apply a "stricter, more searching, standard[.]" (ECF No. 42 at 9.)

Defendants' position is at odds with the Eleventh Circuit which has been clear that a second stage collective action analysis applies after discovery is "complete" and the case is "ready for trial." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1276 (11th Cir. 2018); *Morgan*, 551 F.3d at 1261 (second stage review not until "the case is ready for trial[.]"). Accordingly, courts in this district "appl[y] the approved two-step process for collective action certification in order to efficiently manage this FLSA litigation" where "discovery is not complete[.]" *Willis v. Gov't Emps. Ins. Co.*, No. 5:23-cv-430 (MTT), 2024 U.S. Dist. LEXIS 174988, at *23 (M.D. Ga. Sep. 26, 2024); *Martin v. Budd Props., Inc.*, No. 7:17-CV-27(WLS), 2018 U.S. Dist. LEXIS 228211, at *9 (M.D. Ga. Apr. 27, 2018) (granting conditional certification "after the Parties have mutually agreed to conduct limited discovery on the question of conditional certification").

Along with misstating the law, Defendants' argument for a stricter review is based on the inaccurate claim that "the parties have conducted over seven months of discovery[.]" (ECF No. 42 at 8.) This is not the case. Discovery began after a September 10, 2024 scheduling conference. (ECF No. 23.) On November 22, 2024, the parties agreed to stay the case to pursue mediation. (ECF No. 28.) The Court entered a stay. (ECF No. 29.) The stay was in effect until February 26, 2025, when the Court lifted the stay and allowed the "precertification discovery period" which was "limited in scope" to continue through April 18, 2025, but was extended by three weeks. (ECF No. 31 at 2; ECF No. 34 at 1.) This all resulted in approximately 4.5 months of discovery.

This Court should apply the preliminary certification standard and find that Plaintiffs who all worked under the same employment contracts, were paid the same wage rates, at the same work sites, and allege the same legal violation are similarly situated. (ECF Nos. 37-6, 37-7, 37-8) (uniform employment contracts) and (ECF No. 35-6 at 3) (admitting workers not paid overtime, were paid the same wage rate, and were paid by same payroll office). "While the evidence before the Court certainly surpasses that generally considered at the notice stage, it is not so substantial so that application of a more rigorous standard is warranted. Discovery was not complete, or near to being complete . . . this case does not justify departing from a lenient standard." *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1320 (M.D. Fla. 2019).

## II. Merits Decisions Should Not be Made Now and Defendants' Opposition Solely Disputes Whether the Common Policy was Legal.

Courts have long been instructed not to weigh the merits of the action at this stage. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("In exercising the . . . notice-giving process, courts must be scrupulous . . . avoid even the appearance of judicial endorsement of the merits[.]"). "[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Abrams v. Mansari LLC*, 2024 U.S. Dist. LEXIS 232727, at *15 (M.D. Fla. Dec. 26, 2024) (citation omitted); *Benvenutti v. GEICO Gen. Ins. Co.*, 2023 U.S. Dist. LEXIS 73003, at *8 (M.D. Ga. Apr. 26, 2023) ("arguments, which attack the merits . . . are generally inappropriate . . . [at the] notice stage"). At this point, Plaintiffs are only required to "successfully engage defendants' affidavits to the contrary." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *Parham v. Key Fire Prot. Enters., LLC*, 2020 U.S. Dist. LEXIS 147063, at *16-17 (S.D. Ga. Aug. 14, 2020) (certifying FLSA collective where "rival sworn statements offer competing factual realities concerning compensation of employees"). Plaintiffs do so here. Plaintiffs claim they were not paid overtime;

Defendants admit overtime was not paid, that all workers were paid the same wage rates, and were subject to the same policies. (ECF No. 35-2 ¶¶ 7-8); (ECF No. 35-3 ¶¶ 5-6); (ECF No. 35-4 ¶¶ 7-8); (ECF 35-6 at 3) (Defendants' admissions).

Yet Defendants claim that certification pursuant to their common policy of not paying overtime to warehouse workers cannot be certified "because the [] policies were . . . lawful." (ECF 42 at 10.) "[A]rgu[ing] the merits of the case . . . [is] premature and inappropriate." *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1240-1241 (S.D. Ala. 2008); *Carrington v. Activus Connect LLC*, 2025 U.S. Dist. LEXIS 86118, at *5 (M.D. Fla. May 6, 2025) ("Court does not review the underlying merits"); *Martin*, 2018 U.S. Dist. LEXIS 228211, at *2 (noting FLSA certification "not intended as an ultimate determination of the . . . merits").

Defendants' principal argument is that Plaintiffs were exempt—a merits question. Defendants' arguments about the agricultural exemption, ECF 42 at 11-13, and the motor carrier exemption, ECF 42 at 13-14, will be addressed more fulsomely after complete discovery. The claim that an apparent FLSA violation was lawful because an exemption applies is appropriately ignored here. The Eleventh Circuit in affirming the denial of a collective action decertification motion rejected the claim that an exemption defense precluded the action proceeding. *Morgan*, 551 F.3d at 1280 ("reject[ing] argument that the [] exemption defense" precluded the maintenance of a collective action). Similarly, district courts regularly reject consideration of exemption defenses. *Sizemore v. Grayhawk Homes Inc.*, 2018 U.S. Dist. LEXIS 70943, at *5 (M.D. Ga. Apr. 27, 2018) (refusing to consider argument concerning "exempt positions under the FLSA" because "[t]hese arguments go to the merits . . . not to whether the potential plaintiffs are similarly situated"); *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 774 (S.D. Tex. 2015) (finding argument that conduct was lawful "fails because exemptions are merits-based

4

defenses" and "irrelevant at this initial, notice stage") (citations omitted). "Defendant is seeking to elevate potential fact issues [] with the application of the FLSA exemption . . . . [but] this factual determination is not appropriate at the . . . conditional certification process." *Johnson v. Lazer Spot, Inc.*, 2024 U.S. Dist. LEXIS 11865, at *21 (N.D. Ga. Jan. 19, 2024).[1]

Defendants do not dispute that the entire collective experienced the same violation—lack of overtime pay—and they claim, as to the entire proposed collective, that an exemption applied. This issue is ripe for collective adjudication and appropriate for FLSA certification. *Thomas*, 360 F. Supp. 3d at 1325 (rejecting defenses as "not dispositive at the stage for conditional certification" and certifying where the individuals "held similar positions and were subjected to the same compensation policies"); *Devries v. Morgan Stanley & Co. LLC*, 2014 U.S. Dist. LEXIS 15862, at *14 (S.D. Fla. Feb. 6, 2014) (ordering notice after bifurcated discovery where plaintiffs "satisfied the burden of demonstrating that they were subject to a common policy or practice and were 'similarly situated'").

Defendants spend multiple pages on whether workers "touched the produce," ECF No. 42 at 12, "directly with their hands," ECF No. 42 at 6, and claim whether they "handled [the] outside produce," ECF No. 42 at 15, is the "theory of liability[.]" *See also* ECF No. 42 at 12 (arguing that "touch" is somehow a FLSA factor for liability and that "[t]he forklift drivers do

---

[1] Ultimately, it will be Defendants' burden to prove that any exemption applies. *Morgan*, 551 F.3d at 1269 (defendant "bears the burden of proving its [] exemption affirmative defense"). Defendants admit they did not maintain records concerning which workers were involved with outside produce. (ECF No. 42-1 ¶ 7.) This will likely preclude Defendants' ability to claim the agricultural exemption. *See Marshall v. Gulf & W. Indus., Inc.*, 552 F.2d 124, 126 (5th Cir. 1977). Similarly, Defendants claim to "operate[] a farm," ECF No. 42-1 ¶ 2, but also wish to claim a "Motor Carrier designation" because it "ships its produce on trucks to their final destination." (ECF No. 42-1 ¶ 10.) This too is unlikely to prevail. *See Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1227 (11th Cir. 2009) (noting exemption limited to where "employer's business . . . [is] subject to the Secretary of Transportation's jurisdiction"); *Conchado v. Kauff's, Inc.*, 2021 U.S. Dist. LEXIS 170320, at *9 (S.D. Fla. Apr. 26, 2021) (noting the exemption applies to "a person providing motor vehicle transportation for compensation.").

not personally touch outside produce, but rather move produce around in the warehouse").[2] Defendants fail to cite the exemption or the regulations that interpret it but "touch" appears nowhere in either. *See* 29 U.S.C. § 213(b)(12) and 29 C.F.R. § 780.402. It is Defendants' purchase of outside produce, not touching "with their hands," that is critical to Defendants' liability here. *Farmers Res. & Irr. Co. v. McComb*, 337 U.S. 755, 766 (1949) (holding no FLSA exemption where "[t]heir work is necessary to agricultural production, but it is not [agricultural] production"); *Mitchell v. Huntsville Wholesale Nurs., Inc.*, 267 F.2d 286, 291 (5th Cir. 1959) (holding no FLSA exemption for "a warehousing business"). Where an employer like the Defendants here buys large quantities of produce and runs them through their warehouse the agricultural exemption is unavailable and overtime pay is owed. "The fact that tomatoes grown by independent farmers were processed by Gulf & Western prevents it from receiving the claimed exemption." *Marshall*, 552 F.2d at 126.[3] This happens even if the workers wear gloves, if the produce is in boxes, or if it's touched with a broom or a forklift.

    Plaintiffs and Opt-ins allege Defendants violated the FLSA and applied the same policy to all of them—certification to decide this common issue collectively is appropriate. *French v. Midwest Health, Inc.*, 2015 U.S. Dist. LEXIS 86098, at *12 (D. Kan. July 2, 2015) ("Plaintiff's burden at this stage is not to prove that the policy violates the FLSA. It is to show that such a policy exists and that the [collective] was subject to it."). Here, the issue is not whether Defendants are liable at this stage but whether "the ultimate issues of liability regarding Defendants' policies may be resolved collectively because the Plaintiffs are similarly situated."

---

[2] While claiming to be farmers that purchase tens of millions of dollars of outside produce every year, ECF No. 42-1, Defendants also claim that they are a trucking company, ECF No. 42 at 14 (claiming a separate company called "Pack Logistics, LLC"—that was not the Plaintiffs' employer—somehow makes the "farm" also a "motor carrier").
[3] "Practices performed by a farmer do not come within the exemption for agriculture if they are neither a part of farming nor performed by him as an incident to or in conjunction with **his own farming operations**." 29 C.F.R. § 780.402 (emphasis added).

*White v. NTC Transp., Inc.*, 2013 U.S. Dist. LEXIS 156316, at *24 (N.D. Miss. Oct. 31, 2013).

Unmistakably, in all parties' view, that question can be answered in the affirmative. Defendants assert that a review will show that no overtime was owed because they claim their operations were exempt. (ECF No. 42 at 10.) Plaintiffs, in opposition, claim that no exemption applies and that unpaid overtime wages are owed. (ECF 35-1 at 6.) Either way, the question of liability will be answered collectively which makes certification and notice appropriate here.[4]

Were the Court to accept Defendants' approach and make findings as to whether the law was violated, it would be error. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1106-07 (10th Cir. 2001) (reversing district court in ADEA case because "the district court effectively made [merit] findings . . . in the guise of determining whether plaintiffs were 'similarly situated'"), *cert. denied* 536 U.S. 934 (2002). "[E]ngaging in the individualized inquiry proposed by Defendants requires the Court to indulge in . . . determination on the merits, which is improper[.]" *Anish v. Nat'l Sec. Corp.*, 2012 U.S. Dist. LEXIS 72987, at *4 (S.D. Fla. May 25, 2012).

### III. Plaintiffs Have Shown Other Workers Desire to Opt-in Through Eight Consents to Sue, an Opt-in Declaration, and the Deposition of One Opt-in.

Defendants argue that in this suit, involving migrant workers who maintain their permanent residences in Mexico and where no notice has occurred, that eight current opt-ins is insufficient. But Defendants are putting the cart before the horse. "[T]he argument that the number of opt-in Plaintiffs is disproportionately small compared to the size of the class distorts the purpose of a collective action." *Hodges v. Osmose Utils. Servs., Inc.*, 2022 U.S. Dist. LEXIS

---

[4] The standard for collective action certification is lower than the standard for joinder. *Morgan*, 551 F.3d at 1261. Defendants claim Plaintiffs must show "commonality," ECF No. 42 at 14, but that is a Rule 23 standard inapplicable here. Moreover, Defendants' claim that the "basic job positions in this action vary widely," ECF No. 42 at 15, is belied by the common employment contracts with the same pay terms and job title and the fact all individuals were subject to the same wage policy and alleged wage violation. *See* ECF No. 37-5 at 4 (showing a single job title and wage rate), ECF No. 37-6 at 4 (same for 2022), ECF No. 37-7 at 3 (same for 2023), ECF 37-8 at 3 (same for 2024).

252586, at *7 (N.D. Ga. Sep. 13, 2022).[5] The "filing of other consents to sue is a persuasive indication of the existence of other employees who desire to opt-in." *Martin*, 2018 U.S. Dist. LEXIS 228211, at *13 (certifying with 10 consents to sue). Defendants' sworn interrogatory responses state that more than 100 individuals performed the job duties that would be subject to the collective action. (*See* ECF No. 37-10) (Defs.' Resp. to Pls.' First Set of Interrogs. at 2-4) (47 forklift operators, 27 "maintenance" and "sanitation" workers, and "approximately 35 workers [] would have performed maintenance work in the packing shed"). Defendants apparently take issue with their own discovery responses and claim the number is smaller. (ECF No. 42 at 15 n.4.) Regardless of the total number, for this motion, Plaintiffs' filings make the required showing. *Sizemore*, 2018 U.S. Dist. LEXIS 70943, at *6 (finding that with 6 plaintiffs and one opt-in "the threshold burden of demonstrating actual interest . . . is met"); *Benvenutti*, 2023 U.S. Dist. LEXIS 73003, at *9 (finding six opt-ins adequate because they satisfy the "light burden of establishing that there are other employees who may potentially desire to join[.]"). What matters is that other workers are similarly situated, were subject to the same policy, and have indicated a desire to opt-in.[6]

---

[5] Defendants also seek to inject additional class action standards into this FLSA certification process claiming "commonality," "manageability," and "numerosity" concerns. (ECF No. 42 at 14-17.) However, Rule 23 standards have no application here. *Mickles*, 887 F.3d at 1275 (collective action is "[u]nlike [] a Rule 23 class action"); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23[.]").

[6] Defendants request in their opposition that Opt-in Plaintiff Padilla-Hurtado be dismissed. (ECF No. 42 at 17-18.) Requesting relief in an opposition brief is improper. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). Defendants also erroneously claim that the Opt-in Plaintiff was a "sanitation worker," ECF 42 at 7, and that he is somehow representing other sanitation workers. (ECF 42 at 15 n.4.) The Opt-in Plaintiff answered written discovery and clearly indicated he was a forklift driver. (FLSA Opt-in Pl. Padilla-Hurtado Resp. to Defs.' First Set of Interrogs. at Interrog. 9) (attached as Ex. H). He also is not a named Plaintiff and only filed a consent to sue. (ECF No. 2-1.) In contrast, named Plaintiff Castillo-Olguin has testified that he was a maintenance worker, had the same supervisor as the sanitation workers, knew their job duties as well, and occasionally performed sanitation duties in addition to working as a mechanic. (ECF No. 40-3 at 46) (Castillo-Olguin Dep. at 45:2-46:5; 53:2-10; 55:4-15). While Defendants claim it "does not utilize packing shed H-2A visa workers to function as mechanics"—that is at odds with Mr. Castillo-Olguin's testimony and in dispute. (ECF No. 42 at 6); (ECF No. 40-3 at 56) (Castillo-Olguin Dep. 55:4-12) ("[Y]ou believe you're a mechanic? A. Yes."). Similarly, Opt-in Plaintiff Rafael Joaquin-Guerrero worked as a sanitation worker and provided a declaration in support of Plaintiffs' motion describing "work as part of the

8

### IV.    Plaintiffs' Proposed Notice Should Be Approved.

Defendants raise objections to Plaintiffs' proposed notice and distribution. These complaints seem designed to delay notice while the statute of limitations continues to run, thereby limiting Defendants' exposure. For example, Defendants request 14 days to confer about notices, followed by further briefing about disagreements, plus an additional 30 days to provide names and contact information. The Court can address Defendants' arguments without requiring conferral or additional briefing.

Defendants' claim they need 30 days to compile names and contact information of potential opt-ins because identifying the relevant workers "is a nearly impossible task." (ECF No. 42 at 19.) This claim is suspect given this matter has been pending for more than a year and was previously mediated with payroll information provided by the Defendants related to the putative class members. The Court should require Defendants to provide the required information within 14 days or equitably toll the statute of limitations for any longer time period.

Substantively, Defendants complain that the temporal scope of March 29, 2022 to the present should instead be 3 years from the date notice is sent plus any tolling agreed to by the parties. Plaintiffs are amenable to adjusting the date that would trigger who should receive notice, assuming the parties can agree on the appropriate tolling period. The parties have already agreed to two tolling period totaling approximately 5 months. Plaintiffs believe additional tolling should apply based on the additional time spent in discovery and time Defendants requested to respond to Plaintiffs' motion.

---

sanitation team that cleaned up the packing shed lines where the products that were arriving from other companies were being sorted and re-packaged. I also used a pressure washer to clean the coolers where this produce was stored so I could see all the products that had come from other companies." ECF No. 35-4 at ¶ 6.

Defendants also complain the notice does not state that opt-in Plaintiffs may be liable for costs.[7] (ECF No. 42 at 19.) These types of requests meant to scare opt-ins from participation are rejected because the possibility of assessed costs is remote and such language causes an *in terrorem* effect. *Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 854 (S.D. Tex. 2014) (finding the "proposed language may have an *in terrorem* effect that disproportionately outweighs the likelihood that these costs will occur[.]"); *Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247, 256 (E.D.N.Y. 2014) (noting such language "imposes 'an *in terrorem* effect that is disproportionate to the actual likelihood'").

Next, Defendants argue that the notice should not be sent by mail, email, and text. These methods are designed to ensure people receive the notice and are commonly approved, particularly with H-2A migrant workers. (ECF No. 35-1 at 8-9) (citing cases). Finally, Defendants argue that the opt-in period should be 60 days instead of the 90 days that Plaintiffs proposed. A 90-day period is more common and more appropriate here given that potential opt-in Plaintiffs are migrant workers who often travel away from their homes for long periods of time for work. In a prior case against Defendants a 5-month period was approved. *Franco-Hernandez v. S. Valley Fruit & Vegetable, Inc.*, 2015 U.S. Dist. LEXIS 13566, at *12 (M.D. Ga. Feb. 5, 2015). Plaintiffs' Notice, distribution plan, and opt-in period should be approved.

## CONCLUSION

For the foregoing reasons, as well as those outlined in Plaintiffs' opening Memorandum, Plaintiffs' motion for preliminary certification of a FLSA collective action should be granted.

Respectfully submitted,<br>
/s/ James M. Knoepp<br>
James M. Knoepp

---

[7] Defendants argue the notice contains excessive typefaces. Such use is done for readability and to ensure opt-ins understand the deadlines that apply. Defendants also complain the notice does not inform individuals about obligations they may have, but the notice explicitly says individuals "may be required to provide information to Plaintiffs' attorneys or to the Defendants concerning your work." (ECF No. 35-7 at 3.)

Georgia Bar No. 366241
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
Phone: (828) 379-3169
jim@dawsonmorton.com

Dawson Morton
Georgia Bar No. 525985
Dawson Morton, LLC
1808 Sixth St.
Berkeley, CA  94710
Phone: (404) 590-1295
dawson@dawsonmorton.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this date I electronically filed the foregoing using the Court's CM/ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

Martin B. Heller
David Lerner
FISHER PHILLIPS LLP
1230 Peachtree Street NE
Suite 3300
Atlanta, GA 30309
mheller@fisherphillips.com
dlerner@fisherphillips.com

              */s/ James M. Knoepp*
              James M. Knoepp
              Georgia Bar No. 366241

this 17th day of July, 2025.