EXHIBIT H

FLSA OPT-IN PLAINTIFF
ALBERTO PADILLA-HURTADO'S
RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| ARNULFO GARCIA-RAMOS, PABLO CASTILLO-OLGUIN, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT & VEGETABLE, INC.; HAMILTON GROWERS, INC.; KENT HAMILTON; HAMILTON PRODUCE, L.P.; KENDA PROPERTIES, L.P.; WK HOLDINGS, LLC; and WKW, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>FILE NO.: 7:24-cv-00054-WLS |

**FLSA OPT-IN PLAINTIFF ALBERTO PADILLA HURTADO'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES**

Fair Labor Standards Act Opt-in Plaintiff Alberto Padilla Hurtado ("FLSA Opt-in Plaintiff") hereby responds to Defendants' First Interrogatories.

**GENERAL OBJECTIONS**

1. FLSA Opt-in Plaintiff objects to the substantial individualized discovery served on him and the other FLSA Opt-in Plaintiffs. Such individual discovery in a FLSA collective action and Rule 23 class action is unduly burdensome and duplicative, undermines the purpose of the FLSA collective action and Rule 23 class action mechanisms, fails to maintain the efficiencies required in FLSA collective action and Rule 23 class action proceedings, and has the purpose or effect of harassing and discouraging FLSA Opt-in Plaintiffs' participation in this lawsuit.

2. FLSA Opt-in Plaintiff objects that Defendants have not satisfied their burden of demonstrating the need to obtain individualized discovery responses from the FLSA Opt-in Plaintiffs.

3. FLSA Opt-in Plaintiff objects, pursuant to Fed. R. Civ. P. 26(b)(2), that the burden or expense of the propounded discovery outweighs its likely benefit, taking into account the needs of the case, the parties' resources, and the importance of the proposed discovery in resolving the issues.

4. FLSA Opt-in Plaintiff objects to the interrogatories as exceeding the limit allowed by the Federal Rules of Civil Procedure in that the number of interrogatories, when including the interrogatories' multiple subparts, exceeds 25 in total.

5. The FLSA Opt-in Plaintiff's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving all of the above objections.

## RESPONSES TO INTERROGATORIES

1. State your full name, any names by which you have ever been known, current residence address in Mexico and each residence address in Mexico at which you have resided since January 1, 2018 to date, each address residence in the United States, including temporary residences, at which you have resided within the United States since January 1, 2018, and the owner or employer providing each such residence.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and harassing. The addresses at which FLSA Opt-in Plaintiff has resided while not working for Defendants are not reasonably calculated to lead to the discovery of admissible evidence and the addresses where FLSA Opt-in Plaintiff resided while working for Defendants are already known to Defendants. FLSA Opt-in Plaintiff is

represented by counsel and any notices or other communications related to this litigation may be served upon counsel of record for the FLSA Opt-in Plaintiff. Subject to and without waiving these objections, FLSA Opt-in Plaintiff responds as follows:

My full name is Alberto Padilla Hurtado. My address in Mexico is 08 Tomasa Esteves, Comunidad de Obrajuelo, Acambaro, Guanajuato. When I was in the United States working for the Defendants I remember living on 1526 Ellenton-Omega Road in Norman Park, Georgia. I don't remember the exact address. I was paid under the name Noe Mcgraw. I had a nickname of Cometa.

2.  Aside from communications with your attorney or that you claim are protected by attorney-client privilege or the work-product privilege, identify all persons with whom you have communicated or contacted regarding your allegations in this action or with whom you have discussed the allegations in this lawsuit, the date(s) when you communicated with or contact each such person and describe the substance of each communication.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as overbroad because it is not time limited, is not reasonably calculated to lead to discoverable evidence as it is not limited to material communications or ones upon which Plaintiffs intends to rely, and because it would require FLSA Opt-in Plaintiff to list out any communication about his wages, his job, or his expenses with anyone with whom he has ever communicated over a lengthy period of work with the Defendants.

3.  Identify all statements (oral, written, recorded, transcribed, etc.) obtained by you, any legal counsel, or any and all of your representatives, which refer or relate in any manner to the subject matter of your claims against Defendants.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory on the basis that it intentionally and meaningfully seeks to intrude on the attorney-client privilege and work product doctrine by directly asking for privileged and work-product protected communications. FLSA Opt-in Plaintiff objects that this interrogatory is overbroad and unduly burdensome as it seeks FLSA Opt-in Plaintiff and their counsel to record for Defendants' benefit any communication they have had with any person whatsoever which could "relate in any manner" to a multi-count lawsuit covering six years of claims. FLSA Opt-in Plaintiff objects that "relate in any manner" is vague, overbroad, and undefined and does not allow FLSA Opt-in Plaintiff to know what information is responsive or to discern what prior statement would "relate" to the "subject matter" of the lawsuit. FLSA Opt-in Plaintiff also objects that "statements" is undefined and vague.

4.    Identify the name, work and home address, and telephone number of each person you either know or believe has firsthand knowledge of any facts which support, discredit and/or relate to any of your claims or contentions in this lawsuit, and for each such person, describe what facts each such person has.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as exceeding the bounds of permissible discovery and requiring FLSA Opt-in Plaintiff to itemize for Defendants any person who might know anything about any contention in the lawsuit. This interrogatory fails to contain a subject, which does not allow FLSA Opt-in Plaintiff to know what information is sought sufficiently to be able to discern responsive information. FLSA Opt-in Plaintiff objects that "relate to any of your claims or contentions" is overbroad and undefined as FLSA Opt-in Plaintiff does not know how to discern what knowledge of other individuals is sought. FLSA Opt-in Plaintiff objects to the phrase "what facts each such person has" as overbroad and unduly burdensome and not sufficiently tailored to allow FLSA Opt-in Plaintiff to discern responsive information.

**ATTORNEY RESPONSE:** FLSA Opt-in Plaintiff hereby incorporates by reference Plaintiffs' Rule 26 disclosures served in this case.

5. Identify all documents (including any and all emails, text messages, etc.) and tangible items, objects, or things that support, discredit, refer to, and/or relate to your claims in this action. Include in your response whether you or anyone photographed, tape-recorded, videotaped, voice-recorded or otherwise recorded any conduct, communications, conversations or other activity relating to any of the facts or circumstances referred to in the Complaint and the present location of any such recording or photograph.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as overbroad and unduly burdensome in its requirement to list each and every document, item, object or thing that "relate[s] to your claims" as Plaintiffs have asserted multiple claims and contentions and Defendants' request does not specify a topic but instead asks for anything about the lawsuit, which is insufficiently specific for FLSA Opt-in Plaintiff to know what is sought. FLSA Opt-in Plaintiff objects that the terms "relate to" and "relating to" are vague, overbroad, and undefined and have no clear limit as to what is and what is not sought. FLSA Opt-in Plaintiff objects to this interrogatory on the basis that some information is exclusively in the Defendants' possession, such as video footage from security cameras. Subject to and without waiving these objections, FLSA Opt-in Plaintiff responds as follows: I do not know which documents may support or discredit my claims since I am not a legal expert. My attorneys are in a better position to understand those documents. I have provided my attorneys with the documents I was able to locate and that I received during my employment with the Defendants.

**ATTORNEY RESPONSE:** In addition to the response above, FLSA Opt-in Plaintiff hereby incorporates by reference the Plaintiffs' Rule 26 disclosures served in this case.

6. Identify all written and/or verbal complaints that you made or contend were made on your behalf regarding or relating to any of the allegations in the Complaint, including date of complaint you made, to whom made, the manner in which you made the complaint (e.g., in person, by phone, letter, email, text message, or any other form of communication), and the substance of the complaint.

**RESPONSE:** FLSA Opt-in Plaintiff objects that no subject of the complaints is provided and that the interrogatory is accordingly overbroad and not time limited. FLSA Opt-in Plaintiff also objects that "relating to any of the allegations" is undefined and vague. Without waiving these objections and limiting his response to allegations about underpayment of wages, FLSA Opt-in Plaintiff responds as follows: I did not make any written or verbal complaints other than participating in this lawsuit.

7. State whether you or any representative on your behalf or in your interest has spoken with or obtained statements, reports, memoranda or recordings from any person regarding the facts of this case or the matters alleged in your pleadings. If the answer is yes, separately identify the individual author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; the substance of each statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared by the person with knowledge of the allegations made in this action.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory on the basis of the attorney-client privilege and work product doctrine. FLSA Opt-in Plaintiff also objects that a

"representation … in your interest" is vague, undefined and not possible for FLSA Opt-in Plaintiff to know who such an individual would be.  FLSA Opt-in Plaintiff also objects that the interrogatory is overbroad and vague as it has neither a time limit nor any topic and instead seeks anything "regarding the facts of this case" or the "matters alleged in your pleadings," which is insufficiently specific for FLSA Opt-in Plaintiff to know what information is sought.  FLSA Opt-in Plaintiff also objects to this interrogatory as largely duplicative of Interrogatory No. 3.

8.  Identify any and all social media sites you have used since January 1, 2018, including but not limited to Facebook, Instagram, TikTok, Tumblr, Twitter (X), LinkedIn, YouTube, and any other social networking or blog sites, further identifying any user names, and state whether on any of these sites you have referred to your employment with any of the Defendants, your claims against Defendants, and/or any damages you claim resulted from your employment with any of the Defendants.

**RESPONSE:**  FLSA Opt-in Plaintiff objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving this objection, FLSA Opt-in Plaintiff responds as follows:  I use Facebook. My user name is Alberto Padilla.  Previously I was in a group of Hamilton workers but I am not part of it now.

9.  Describe all job duties performed under any work contract with any of the Defendants since January 1, 2018, including a description of where on the worksite each job duty was performed, how often each job duty was performed in a given day and in a given workweek, and identify the co-workers with whom you performed the job duties described.

**RESPONSE:**  FLSA Opt-in Plaintiff objects that this interrogatory is overbroad and unduly burdensome with respect to its requirement that he narrate "where on the worksite" he performed

job duties "in a given day" over a lengthy period of employment with Defendants.  FLSA Opt-in Plaintiff also objects that Defendants maintained records reflecting his job duties, job type or description, as well as the days he was employed, and recorded that information in its payroll database that they have better access to than FLSA Opt-in Plaintiff.   Subject to and without waiving this objection, FLSA Opt-in Plaintiff responds as follows:  I worked as a forklift operator in the receiving area.  There were a few times when I did other work to help out with moving produce but most of my time was spent operating a forklift in the receiving area.

10. Identify all direct supervisors who assigned and/or managed your work during the course of your employment with any of the Defendants under any work contract since January 1, 2018.

**RESPONSE:**  FLSA Opt-in Plaintiff objects that "direct supervisors" is undefined and that FLSA Opt-in Plaintiff does not know which individuals "assigned and/or managed" his work at all times.  FLSA Opt-in Plaintiff further objects that the information sought is within Defendants' possession, custody and control and as such is at least equally available to Defendants such that the burden of seeking information from FLSA Opt-in Plaintiff that Defendants already possess, including names and last known contact information for supervisors, places an unreasonable burden on FLSA Opt-in Plaintiff.  Without waiving these objections, FLSA Opt-in Plaintiff responds as follows:  During the time I worked for the Defendants I was supervised at different times by Mario Esparza; "Clark" was a supervisor above Mario; another supervisor was someone nicknamed "Chanclas." Sometimes I would also be directed by Jon Schwalls.

11. Identify all individuals who aided in the process of executing visas, arranging travel, and other tasks associated with the hiring and pre-employment process with any of the

Defendants since January 1, 2018, including but not limited to recruiters and agents in the United States and in Mexico, and all persons involved in the visa application process and consular interviews.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as vague with respect to the term "executing visas" and undefined and overbroad with respect to the term "other tasks." FLSA Opt-in Plaintiff also objects that this interrogatory seeks information in Defendants' possession, custody and control regarding visa and travel processes that Defendants caused to occur. As such, the requested information is at least equally available to Defendants, and it is unreasonably burdensome to require FLSA Opt-in Plaintiff to report this information back to Defendants.

12. Describe any training you have received in operating a forklift or driving commercial vehicles, including any work experience with a former employer, identifying the name of the employer, dates of training, and a brief description of experience involved, or any vocational training courses you have taken, whether through an employer or through an outside source, including the name of each course taken, the name of the company or organization providing the course, the dates attended, a brief description of the training involved, and any certifications or designations received.

**RESPONSE:** FLSA Opt-in Plaintiff objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, FLSA Opt-in responds as follows: Before working at Hamilton, I had experience working with forklifts in Dalton, Georgia carpet mills. In Hamilton, I received training in two annual courses for forklift operation. The training was led by an outside person. There was instruction, a test, and videos. I also learned from the other forklift operators who worked for the Defendants.

13. Describe any training you have received in vehicle maintenance, including any work experience with a former employer, identifying the name of the employer, dates of training, and a brief description of experience, or any vocational training courses you have taken, whether through an employer or through an outside source, including the name of each course taken, the name of the company or organization providing the course, the dates attended, a brief description of the training involved, and any certifications or designations received.

**RESPONSE:** FLSA Opt-in Plaintiff objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, FLSA Opt-in responds as follows: I have maintenance experience with oil and brakes but did not use this when working with Defendants. I had training on this in Dalton, Georgia.

14. Identify any time you claim to have moved outside produce on a forklift or performed maintenance duties that involved outside produce in any way, including but not limited to the date that each act or action occurred, the basis of your claim that the produce was outside produce, and any documents that support your contention.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as overly broad and unduly burdensome to the extent it asks to identify and list each and every day that outside produce may have been moved and/or maintenance duties may have been performed on equipment involved in the movement of outside produce. FLSA Opt-in Plaintiff also objects that Defendants maintain records of its outside produce purchases and the dates those were received and processed at its worksites and that they have not yet provided FLSA Opt-in Plaintiff and his counsel with access to that information which would aid in responding more fully to this interrogatory. Moreover, the requested information is within Defendants' possession and it places an unreasonable discovery burden for Defendants to ask FLSA Opt-in Plaintiff to specify the dates while

Defendants possess such information electronically in their inventory system. Subject to and without waiving these objections, FLSA Opt-in Plaintiff responses as follows:  They would send us to unload purchased produce. Lalo Garza was the person who would send us and he would tell us there was purchased product. Three or more days per week produce would arrive at the packing shed that was not grown by Southern Valley or Hamilton.  We knew it was outside produce because of the boxes, the drivers, and because of paperwork, and at times because of what Lalo said or Wilson said. There was product from Tennessee, from Mexico and other local places like Baker Farms.

15.     Identify any documents that provide evidence for your belief that you are entitled to overtime and are not exempt from overtime, including the date each such document was created and the basis of your belief that such document supports the claim that you are entitled to overtime.
**RESPONSE:**  FLSA Opt-in Plaintiff objects to this interrogatory as overbroad and unduly burdensome in its requirement to list each and every document, including the date it was created, as opposed to categories of documents, that are responsive to this interrogatory.  FLSA Opt-in Plaintiff objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence as it seeks to place the burden on FLSA Opt-in Plaintiff to prove that he was not exempt from overtime when it is Defendants' burden to show it was entitled to an exemption from overtime pay requirements.  Subject to and without waiving these objections, FLSA Opt-in Plaintiff responds as follows:  Receipt tickets from the truck were all used by the Defendants and include information on outside produce and the dates it was delivered to the packing sheds where I worked. These were delivered to Lalo. I did not create any of these documents but I signed them sometimes to confirm the delivery.  I saw these when I was working. I think Lalo Garza or Mario Esparza knows where they are.

**ATTORNEY RESPONSE:** In addition to the response above, FLSA Opt-in Plaintiff hereby incorporates by reference the Plaintiffs' Rule 26 disclosures served in this case.

16. Identify any documents that provide evidence for your belief that you are entitled to a rate of pay above the Adverse Effect Wage Rate, including the date each such document was created and the basis of your belief that such document supports the claim that you are entitled to a rate of pay above the Adverse Effect Wage Rate.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as overbroad and unduly burdensome in its requirement to list each and every document, as opposed to categories of documents, that are responsive to this interrogatory, as well as listing the date that each document may have been created.  FLSA Opt-in Plaintiff also objects that the request for "documents that provide evidence" is overbroad, vague and has no reasonable limits to allow FLSA Opt-in Plaintiff to discern what documents are responsive.  FLSA Opt-in Plaintiff also objects that some of the documents sought to be identified are in Defendants' possession, custody, or control and that requiring FLSA Opt-in Plaintiff to list them is unreasonably burdensome.  Subject to and without waiving these objections, FLSA Opt-in Plaintiff responds as follows:  I do not know which documents are responsive to this interrogatory.  My attorneys are in a better position to understand those documents.

**ATTORNEY RESPONSE:** FLSA Opt-in Plaintiff hereby incorporates by reference the Rule 26 disclosures served in this case.  FLSA Opt-in Plaintiff also incorporates documents produced in this matter, by either Plaintiffs or Defendants, as responsive to this interrogatory.  In particular, documents that Defendants submitted to the United States government as a condition of being certified to employ individuals with H-2A visas are responsive to this interrogatory.  Documents that evidence the FLSA Opt-in Plaintiff was not engaged in agricultural work within

the meaning of the H-2A regulations such as bills of lading, invoices, receipt tickets, and Defendants' accounting records that evidence movement of produce that was not grown by Defendants are also responsive to this interrogatory.

17. Identify any documents and state and provide evidence for your belief that you incurred travel expenses that were not reimbursed, including identifying each alleged unreimbursed expense, the date any responsive document was created, the date the expense was incurred, and the basis of your belief that any responsive document supports the claim that you are entitled to reimbursement of such expenses.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory as vague with respect to the term "travel expenses" and with respect to "provide evidence." FLSA Opt-in Plaintiff also objects to the term "responsive documents" as vague and undefined considering that this is an interrogatory request. FLSA Opt-in Plaintiff further objects that the request to identify "any documents" has no reasonable limits for FLSA Opt-in Plaintiff to compose a response and is accordingly vague. Subject to and without waiving these objections, FLSA Opt-in Plaintiff responds as follows: I did not receive any travel payments.

18. Identify all housing charges you claim to have paid to any of the Defendants, and identify any documents that provide evidence for your belief that you unlawfully incurred housing charges during your residency with Defendants, including the date of each payment, to whom each payment was made, the exact amount of each payment, and, for responsive documents, the date each such document was created, the date of the alleged housing charge, and the basis of your belief that any responsive document supports the claim that you are entitled to reimbursement of such charge.

**RESPONSE:** FLSA Opt-in Plaintiff objects that this interrogatory is unreasonably burdensome and exceeds the needs of this case because Defendants collected the housing charges and so are in possession of the information sought. Subject to and without waiving this objection, FLSA Opt-in Plaintiffs responds as follows: I paid $120 every four weeks. I was not given any documents related to this. Mario Esparza collected the money in cash. I lived with other workers and we rotated when we paid—each worker paid every few weeks for everyone and then the next week someone else I lived with paid. We did not receive any documents or receipts.

19. For each element of damages that you claim from Defendants, please provide a full description of the item or element of damages, the amount of each item or element of damages, the components of each item or element of damages, how you calculate each component or element of damages, and a description of any and all documents which you contend supports your claim for such damages.

**RESPONSE:** FLSA Opt-in Plaintiff objects to this interrogatory on the basis of the attorney work product doctrine. Subject to and without waiving this objection, the FLSA Opt-in Plaintiff respond as follows: I do not know how damages should be calculated in this case.

**ATTORNEY RESPONSE:** FLSA Opt-in Plaintiff hereby incorporates by reference the Rule 26 disclosures served in this case. Plaintiffs' counsel has not been provided sufficient information from the Defendants—namely payroll data in a database or spreadsheet format—that would allow for the calculation of damages for the Plaintiffs and other members of the class. Plaintiffs' Rule 26 disclosures contain the methodology for calculating the damages alleged in this case.

20. If you have ever been a party to any other charge, lawsuit, or other legal action (including but not limited to mediations, lawsuits, demands, arbitrations, administrative proceedings, bankruptcy and divorce) or other legal or equitable proceedings in Mexico or the United States, state the name(s) of the parties, the case number, the court or agency in which the proceeding or charge was filed, the date it was filed or initiated, the resolution or status of the action, and a general description of the subject matter for each such action.

**RESPONSE:** FLSA Opt-in Plaintiff objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, FLSA Opt-in Plaintiff responds as follows: None.

Dated: March 17, 2025

*/s/ Dawson Morton*
Dawson Morton
Georgia Bar No. 525985
Dawson Morton, LLC
1808 Sixth St.
Berkeley, CA 94710
Phone: (404) 590-1295
dawson@dawsonmorton.com

James M. Knoepp
Georgia Bar No. 366241
Dawson Morton, LLC
1612 Crestwood Drive
Columbia, SC 29205
Phone: (828) 379-3169
jim@dawsonmorton.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this date I emailed the foregoing to the following attorneys for the Defendants:

Martin B. Heller
David Lerner
FISHER PHILLIPS LLP
1230 Peachtree Street NE, Suite 3300
Atlanta, GA 30909
mheller@fisherphillips.com
dlerner@fisherphillips.com

                                                */s/ Dawson Morton*
                                                Dawson Morton

this 17th day of March, 2025.

Declaro bajo pena de perjurio de las leyes de los Estados Unidos que las respuestas que he proporcionado a los interrogatorios de los demandados son verdaderas y correctas a mi mejor saber y memoria. (INGLES: I declare under the penalty of perjury under the laws of the United States that the responses which I have provided to the Defendants' Interrogatories are true and correct to the best of my knowledge and memory.)

Alberto Pdilla
Alberto Padilla Hurtado

## TRANSLATOR'S STATEMENT

My name is Dawson Morton and I read and speak both English and Spanish. I reviewed Defendants' Interrogatories with the Plaintiff in Spanish and translated his responses from Spanish to English for the purpose of answering these Interrogatories. I certify that this translation was performed accurately to the best of my ability.

/s/ Dawson Morton
Dawson Morton