IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **ARNULFO GARCIA-RAMOS,** *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CASE NO: |
| **KENT HAMILTON,** *et al.*, | : | 7:24-cv-54–WLS |
| Defendants. | : | |

### ORDER

Before the Court is Defendants' Notice of Objection to Plaintiffs' Errata Sheets (Doc. 43) ("Objection") and Plaintiffs' Opposition (Doc. 54) thereto. Defendants contend Plaintiff Arnulfo Garcia-Ramos ("Garcia-Ramos") and opt-in Plaintiff Jonathan Castillo Tovar ("Tovar") submitted errata sheets to their deposition testimony that make improper substantive, material changes to their deposition testimony. Defendants request the Court disregard the changes objected to by Defendants as set forth in the Notice. Plaintiffs contend that the changes are proper.

I.  **RELEVANT LAW AND DISCUSSION**

Federal Rule of Civil Procedure 30 provides:

On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or *substance*, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1) (emphasis added). Recently, the Eleventh Circuit considered whether substantive changes in a deponent's testimony were permissible. In *Fernandez v. Seaboard Marine LTD.*, 135 F.4th 939 (11th Cir. 2025), the plaintiff/deponent originally testified that she did not recall owning shares of stock in a corporation. *Id.* at 950. She later changed her testimony, through errata sheets and an affidavit, to state that she recalled that she was in fact an equal owner in the family's business. *Id.* The Circuit stated:

1

> Under Rule 30(e), a deponent may review the deposition and "if there are changes in form or substance, . . . sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). Although we have not defined the limits within which Rule 30(e) can be used, a district court's ruling on the matter is reviewed for abuse of discretion. The district court determined that the errata sheets were proper because [deponent] timely submitted her changes and provided reasons for doing so—namely, confusion at the time of questioning, fatigue, and mistake. Because the district court's order complies with the text of the rule, we cannot say that the court erred under the deferential abuse of discretion standard.

*Id.* Contrary to Defendants' assertions and as recognized by the Eleventh Circuit, Rule 30(e) specifically allows substantive changes in an errata sheet where the sheet is signed by the deponent and a reason is provided.

The Defendants rely on *ChemFree Corp. v. J. Walter, Inc.*, No. 1:04-CV-3711, 2008 WL 5234247 (N.D. Ga. Sept. 30, 2008) where the district court granted defendant's motion to strike the errata sheet of plaintiff's expert witness.[1] In addition to being an unreported district court case decided prior to the Eleventh Circuit's *Fernandez* reported decision, the facts in *ChemFree* are easily distinguishable from the facts in this case. In *ChemFree*, defendants filed a motion for summary judgment, relying in part on the deposition testimony of plaintiff's expert. Six days later, the expert submitted a 40-page errata sheet making substantial changes to 87 separate portions of the expert's deposition transcript. *ChemFree*, 2008 WL 5234247, at *1. The district court found that the expert's stated reasons for the changes were insufficient. Such reasons were, among others, that (1) the expert's new testimony was more complete upon taking more time to formulate a response; (2) the expert was unprepared for the question or gave a rushed answer and was able to give a better answer after reviewing additional material; (3) the expert misunderstood some questions or was distracted by previous questions (although he never stated that he misunderstood any questions; and (4) the expert wished to change his answer after reviewing legal materials plaintiff's counsel provided to him after the deposition. *ChemFree*, 2008 WL 5234247, at *3-4.

As support for their contention that the changes proposed by Plaintiffs are the types of substantive, material changes which courts do not allow, Defendants also cite, without

---

[1] Defendants erroneously cite *ChemFree* as an Eleventh Circuit case rather than a district court case. (Doc. 43 at 2).

2

discussion or full citation, *Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010). (Doc. 43 at 4). While *Norelus* is a reported Eleventh Circuit case, the facts in *Norelus* are so egregious as to be in category certainly separate from this case, if not in a class of its own. In *Norelus*, the Circuit recognized that "no one's memory is perfect. People forget things or get confused, and anyone can make an innocent misstatement or errors in their depositions, "[b]ut not 868 of them. In [*Norelus*], the plaintiff's attorneys, . . . filed a sixty-three page errata sheet containing 868 attempted changes to their client's deposition testimony, which was the sole source of evidentiary support for their client's claims." *Id.* at 1273. Not unreasonably, the Circuit found that "[plaintiff's attorneys'] submission of the novella-length errata sheet making a slew of material changes to their client's deposition testimony was improper." *Id.* at 1281. Considering *Norelus* and *Fernandez* together, the changes and reasons given must be reasonable. Without doubt and as discussed below, *Norelus* is distinguishable from this case.

Here, Garcia-Ramos made two changes to his deposition transcript and Tovar made twelve changes to his deposition transcript. (Docs. 43-1, 43-2). Defendants object to two of those changes. Specifically, Defendants object to Tovar's proposed deletion of the following testimony:

> Q: Okay. So on that end of the packing shed, you're primarily moving produce that was grown at Hamilton Growers, correct?
> A: Yes.

(Doc. 43 at 3 (quoting Castillo Tovar Depo. 55:18–22, ECF No. 42-2 [hereinafter "Tover Depo."])). Plaintiffs argue that when the complete testimony on this issue is reviewed, rather than the portion Defendants cite in isolation, it is clear that the interpreter was questioning whether the translation was correct. (Doc. 54 at 3). The complete transcript of the testimony was:

> Q. Okay. So on that end of the packing shed, you're primarily moving produce that was grown at Hamilton Growers, correct?
> MR. MORTON [Counsel for Plaintiffs]: Objection.
> THE WITNESS: Yes.
> THE INTERPRETER: May the interpreter clear up some of these words that are in English?
> THE WITNESS: No, I primarily moved carton boxes, RPCs and pallets.

3

Tovar Depo. 55:18–56:2. The reason provided for the change is "[i]nterpretation error." (Doc. 43-1 at 3). Tovar signed the errata under penalty of perjury. (*Id.*) In effect, after clarification by the Interpreter, Tovar's testimony to counsel for Defendants' question as to whether Tovar was "primarily moving produce that was grown at Hamilton Growers" is "No, I primarily moved carton boxes, RPCs and pallets." The purpose of Rule 30(e) is to allow corrections to a deposition. Here the ability to make such corrections due to interpretation errors clearly falls within the purpose of Rule 30(e). If the Defendants' objection is sustained, then Tovar's "Yes" response could be used out of context or without providing the complete testimony or clarification by the Interpreter.

Defendants next contend that Garcia-Ramos attempts to completely rewrite the following testimony:

> Q Okay. And what is your understanding of the claims that you're bringing?
> A That – what has to do with overtime.
> Q Okay. Do you think the company breached a contract they had with you?
> A That if they not complied the contract? No.

(Doc. 43 at 3 (quoting Arnulfo Garcia-Ramos Depo. 96:17–22, ECF No. 40-2). The errata signed under penalty of perjury by Garcia-Ramos, corrects the last line of the above quote to state: "If they had not complied with the contract? No, they did not comply." (Doc. 43-2 at 2). The reason given for the change is "[t]o correct ambiguity caused by translation." (*Id.*) The errata clarifies that Garcia-Ramos questioned Defendants' counsel whether a breach of the contract meant that Defendants had not complied with the contract? Garcia-Ramos's response was that Defendants had not complied with the contract; *i.e.*, they had breached the contract.

Defendants contend that the changes by Tovar and Garcia-Ramos are not clarifications of ambiguous testimony or corrections of interpretative errors. Rather, Defendants contend the changes are "fundamental, substantive, and material changes to the testimony that are improper and should not be permitted." (Doc. 43 at 4). Again, the mere fact that the changes are substantive or material is irrelevant. Rule 30(e) specifically allows substantive changes—so long as the deponent signs the changes and states a viable reason for the changes.

4

The Court disagrees with Defendants' assertion that the changes should not be allowed. It is clear the Interpreter wished to clarify Tovar's testimony. The Court also finds, even if Defendants did not, that the translation of Garcia-Ramos's response needed clarification.

Accordingly, Defendants' Objection (Doc. 43) is **OVERRULED**.

**SO ORDERED**, this 22nd day of July 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**